Oliver D. Williams, J.
Defendants move for summary judgment in an action to recover $16,700 as proceeds of insurance coverage issued on the life of plaintiff’s husband, now deceased. Defendants deny any liability, on the ground that the decedent made material misrepresentations of fact in his application for insurance and died within the contestable period. Plaintiff does not take issue with respect to the foregoing claim but asserts that such defense is not available to the defendants, since the application of the decedent containing the alleged misstatements was not attached to any policy or certificate issued insuring the life of the decedent. In support of this contention plaintiff cites subdivision 1 of section 142 of the Insurance Law which reads as follows: “ Every policy of life, accident or health insurance, or contract of annuity, delivered or issued for delivery in this state shall contain the entire contract between the parties, and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application, or other writings, unless a copy thereof is endorsed upon or attached to the policy or contract when issued. No application for the issuance of any such policy or contract shall be admissible in evidence unless a true copy of such application was attached to such policy when issued.”
*287 The sole issue — one of law- — advanced by plaintiff, must be considered in the light of the following additional undisputed facts: Crosby Plans Corp., a seller of mutual fund purchase plans, was issued policies of group creditor life insurance by the defendants prior to the time when plaintiff’s husband became insured thereunder. The policies provided that persons who subscribe to the systematic investment plan sponsored by Crosby for the purchase of shares of Fidelity Fund, Inc., a mutual fund, and who are acceptable to the insurers, are eligible for insurance under the policies. Under the terms of the policies, in the event of death of the insured person, the unpaid balance owing by the insured to Crosby under the investment plan is paid directly to a custodian for Crosby for the discharge of the insured’s indebtedness. On December 16, 1964, plaintiff’s husband, who in addition to his regular profession was a sales representative for the Crosby Plan, subscribed for an $18,000 plan and submitted a life insurance statement to the defendants for insurance on his life. In due course the application for insurance was approved by the defendants and a certificate was issued to him on behalf of the defendants. A copy of the life insurance statement was furnished to Crosby and to the estate of the deceased. Plaintiff’s husband died on April 7, 1965, at which time he was indebted to Crosby under its plan to the extent of $16,700.
The policy issued by the defendants to Crosby was a group life insurance policy as defined in section 204 of the Insurance Law. Pursuant to subdivision 1 thereof, plaintiff’s husband was a ‘certificate holder” and pursuant to paragraph (c) of subdivision 1, Crosby was the “ policyholder.”
Section 142 bars the admissibility into evidence of any application for the issuance of a policy of life, accident or health insurance. Plaintiff’s husband’s application was not one for the issuance of a policy of life, accident or health insurance. It was an application for life insurance under a group life insurance policy which had already been issued to Crosby, the policy holder. There was also no requirement set forth in section 142 that an application of a certificate holder shall be attached to his certificate. It is apparent that section 142 does not, except with respect to the primary contracting parties, that is, the policy holder and the insurance company, concern itself with group policies. It is to be noted also that among the standard provisions of group life insurance and certificates set forth in section 161 of the Insurance Law, it is provided in paragraph (a) of subdivision 1 thereof “that no statement made by any person insured under the policy relating to his *288 insurability shall be used in contesting the validity of the insurance with respect to which such statement was made * * * unless it is in a written instrument signed by him copy of which is or has been furnished to such person or to his beneficiary ”, but there is no provision that such statement must be attached to the policy heretofore issued or to the certificate issued to the certificate holder.
In Layman v. Continental Assur. Co. (416 Pa. 155), the Supreme Court of Pennsylvania considered an issue similar to the one herein under statutory laws akin to those in New York State. It held that in the absence of statutory requirement an application for coverage under group life policies be attached to and made part of the certificate of insurance; failure to attach a copy of the insured’s application to his certificate did not preclude the insurer from using the application to defend a suit by the insured’s beneficiaries. In reaching said conclusion, the court said (p. 162): “In group insurance we are faced with an entirely different factual situation than that present in ordinary life insurance situations and the 1949 statute recognizes the existence of such difference. In group insurance, the primary contracting parties are the insurance company and the employer and the insured employee or his beneficiary have no greater rights than are provided in the policy between the primary contracting parties. The 1949 statute expressly requires that a copy of the application of the policyholder — that is, the employer — be attached to the policy when issued — that is, the policy issued by the insurance company to the employer — but the statute does not require, either expressly or by implication, that a copy of the application of the person insured — that is, the employee — be attached to the certificate issued to the person insured. The reason for the distinction drawn between ordinary and group life insurance policies as to the attachment of a copy of the application of the person insured is evident: the practical difficulties which arise from the fact that one group policy may cover thousands of insured employees in several states.”
Accordingly, it is my view that the statement made by the decedent on his application for insurance is admissible in evidence although no copy thereof was attached to the policy or to the certificate issued to the insured.
There is no issue that plaintiff falsely stated in his application that he was actively at work on a full-time basis, had not any ailment, injury or disease in the last five years which resulted in his being away from work 10 or more consecutive working days, and that he had never been told that he had any disease or dis *289 order of the heart or coronary arteries, angina pectoris, or high blood pressure. These misrepresentations by the decedent were material as a matter of law. Accordingly, defendants’ motion for summary judgment is granted.