Arnold L. Fein, J.
Plaintiff’s motion for summary judgment is denied. There are triable issues as to whether there was a misrepresentation, whether such misrepresentation was material, and whether the defendant would or could have refused to issue the certificate to plaintiff’s intestate had the facts been disclosed. The policy under which the certificate was issued appears to have been issued in conformity with section 221 (subd. 2, par. [c]) of the Insurance Law, and accordingly was required to conform to section 162 of the Insurance Law. As required by said section, the policy, under which the certificate here involved was issued, provides:
“ (1) No statement made by the applicant for this insurance shall void the insurance or reduce the benefits thereunder unless contained in the written application .signed by the applicant.”
“ (2) All statements contained in any application for this insurance shall be deemed representations and not warranties.”
Section 149 of the Insurance Law provides in substance that (1) a representation is a statement as to past or present facts made to the insurer by the prospective insured at or before the making of the contract as an inducement to the making thereof;
(2) no misrepresentation shall avoid any contract of insurance unless material; and (3) no misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer, to make such contract.
It further provides that (1) in determining the question of materiality, evidence of the practice of the insurer with respect to the acceptance or rejection of similar risks shall be admissible; and (2) a misrepresentation that an applicant for accident *245 or health insurance has not had previous medical treatment, consultation or observation shall be deemed for the purpose of determining its materiality a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given.
Although the statute is not clear as to whether an insurer issuing a group policy may decline to insure individual members of the group because of their prior medical history, the defendant is entitled to an opportunity to prove that such is the case.
The provisions of section 162 incorporated into the policy would seem to indicate a reservation of such right.
Defendant asserts this policy is a “ limited medical expense , indemnity policy ’ ’, in an attempt to avoid the provisions of section 142 of the Insurance Law, requiring that a true copy of the application for a policy of life, accident or health insurance , be affixed to the policy in order for it to be admissible in evidence.
In support of its argument, defendant points to subdivision 3 of section 46 of the Insurance Law, defining accident and health insurance, and cites Shapira v. United Medical Serv., (15 N Y 2d 200, 218-219.) That case holds that only corporations organized under article IX-C of the Insurance Law may issue medical expense indemnity policies and notes that the provisions which must be set forth in a medical indemnity insurance policy are set forth in section 253 of the Insurance Law.
It would appear that defendant corporation is not so organized and that the policy in suit does not conform to the provisions of article IX-C and sections 250 and 253 thereof, defining medical expense indemnity and prescribing the provisions of such policies. Accordingly, although the policy is denominated a limited medical expense indemnity policy, the right of the defendant to issue it must depend on subdivision 3 of section 46 of the Insurance Law. If that section, defining accident and health insurance, cannot be construed to authorize the issuance of this policy, then the defendant insurance company may well have had no right to do so.
However, although subdivision 1 of section 142 of the Insurance Law requires that an application for the issuance of a policy of life, accident or health insurance must be affixed to the policy to make its provisions admissible in evidence, it cannot be concluded that such provision is applicable to a group policy.
Section 142 does not concern itself with group policies. Section 162 of the Insurance Law, applicable to group accident and health policies, contains no similar provision. It has been noted *246 that, as a practical matter in group insurance, it would be impossible to affix a copy of each application for a certificate to the policy itself. (Cutler v. Hartford Life Ins. Co.. 51 Misc 2d 286.) Defendant is entitled to an opportunity to show it was not required to insure all members of the group and its practice with respect to refusing to issue certificates to such members where their prior medical history and treatment could have led to such rejection. (See Lindenbaum v. Equitable Life Assur. Soc., 5 A D 2d 651; American Sur. Co. of N. Y. v. Patriotic Assur. Co., 242 N. Y. 54, 64; Insurance Law, § 149, subd. [3].)