Per Curiam.

In his application for group accident and health insurance, made on January 27, 1963, plaintiff stated that to the best of his knowledge, he was in good health and free from any physical impairment or disorder. In response to a question whether he had had any medical advice or treatment for certain specified disorders or conditions, including any disorder of the cardiovascular system, plaintiff listed five separate occasions on which he had received treatment for various disorders referred to in the question.
*52 Plaintiff neglected to set forth- that approximately one year earlier, on January 19, 1962, he had visited his personal physician at which time there was a diagnosis of paroxysmal atrial fibrillation for which he was directed to take quinidine, a medication which corrects and controls this condition, and for which he had been taking same for approximately 21 months.
On February 15, 1963, plaintiff was issued a certificate of accident and health insurance by the defendant pursuant to a master policy of the American Medical Association, of which the plaintiff was a member. Under the master policy, individual applicants were offered a choice of three plans. Plan A, which the plaintiff chose, provided monthly indemnity of $1,000, Plan B, $750 and Plan C, $500, monthly. The choice lay with the applicant. The policy provided, however, that the company reserved the right to limit to the lowest amount of monthly indemnity, that is $500, the insurance of any member who did not furnish evidence of insurability satisfactory to the company.
In 1964, plaintiff became disabled as a result of an accident involving a golf cart and certain conditions which developed subsequently. Thereafter, when his claim was rejected, he brought action on the certificate of accident and health insurance. Payment of $500 per month under Plan C is already being made and involved herein is the action for the additional $500 under Plan A, which provides for the $1,000 per month indemnity.
Two questions are presented: Whether plaintiff misrepresented his health as a matter of law and whether the misrepresentation was material as a matter of law. The answer to both must be in the affirmative. The record reveals and it is not open to dispute, that the plaintiff did misrepresent the condition of his health by failing to disclose his heart condition and the medical treatment he received. At trial, plaintiff admitted that the diagnosis and the treatment were not included in the application. The condition was a cardiac abnormality and, as a physician, plaintiff must have been aware of its significance. As an insurer, the defendant is free to select its risks and it makes inquiry of matters which it deems material to the risk. Failure to disclose is as much a misrepresentation as a false affirmative statement. (Geer v. Union Mut. Life Ins. Co., 273 N. Y. 261.) Plaintiff failed to disclose, as the state *53 ment of Ms physician indicated, that he had a Mstory of having had episodes of paroxysmal atrial fibrillation since adolescence. Obviously, this was not a temporary condition or a matter, so trivial that it might not have affected the disposition of the application. We hold, as a matter of law, that at the time of maMng application, plaintiff did misrepresent Ms health and we hold further, as a matter of law, that such a misrepresentation was material (Insurance Law, § 149; Wageman v. Metropolitan Life Ins. Co., 24 A D 2d 67, affd. 18 N Y 2d 777). By his failure to disclose Ms heart condition, plaintiff deprived the defendant of freedom of choice in determining whether, to accept or reject the risk. On the record, there is little doubt that the defendant would have rejected the risk or certainly would have rejected it under Plan A.
Accordingly, the order appealed from should be reversed, the judgment vacated, and the complaint dismissed with costs to defendant-appellant.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Rabin and Stevens concur in Per Curiam opinion; Judge Gabbielli taking no part.
Order reversed, with costs, and complaint dismissed.