■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD EPPS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 12, 1972, convicting him of sodomy in the first degree, assault in the first degree, and assault in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was present in court with counsel when his trial commenced and he remained throughout the first day. On the second day of the trial and on the following days, he took part in a prisoner boycott and refused to come to court. He did not return despite his attorney's request to do so. The Trial Justice sent messages to defendant at the jail requesting his appearance in court and advising him that if he persisted in his refusal he would be tried *in absentia*. Defendant still refused. The trial proceeded without him. The record further demonstrates that defendant not only was given every opportunity to appear during his trial, but was beseeched by the court and his own lawyer to present himself. In the face of this, he steadfastly chose to honor the prisoner boycott and to stay at the jail. He was found guilty by the jury of the above-mentioned crimes. The primary issue on this appeal is whether after a trial has begun, with the defendant appearing, he may thereafter claim he was denied his constitutional right to be present at every stage of his trial, when his subsequent absence from the trial was occasioned through his own refusal to leave the place of his detention and to appear before the court. The right of a defendant to be personally present at his felony trial is guaranteed by the Sixth Amendment of the Federal Constitution, by section 6 of article I of the State Constitution and by CPL 260.20. Defendant contends that the trial could not proceed lawfully without his presence, unless he engaged in unruly and disorderly conduct in the courtroom. He relies principally upon CPL 260.20, which reads as follows: "A defendant must be personally present during the trial of an indictment; provided, however, that a defendant who conducts himself in so disorderly and disruptive a manner that his trial cannot be carried on with him in the courtroom may be removed from the courtroom if, after he has been warned by the court that he will be removed if he continues such conduct, he continues to engage in such conduct." Defendant asserts that his failure to appear does not fall within the specific exception of the statute and that therefore his presence during the trial was required. It is true that the statute does not expressly cover the situation presented in this case. Nevertheless, we hold that the State cannot be made impotent to bring a defendant to justice by his willful refusal to accompany the jail officer from the jail to the courtroom. If a defendant persists in

such conduct and the trial proceeds without him, he cannot thereafter have his conviction reversed upon the ground that he was not present at his trial. There is no obligation on the Sheriff or warden or jail officer to physically seize a defendant, subdue him and produce him in court. The safeguards of the Constitutions of the the United States and State of New York and of the statutes of the State were erected to insure that a defendant shall have the right to face his accusers, to appear in court at his trial and to present a defense if he choose; and to see and be seen by those who will judge him. However, these protections in the law were not intended and were not designed to provide an accused defendant with a procedure to escape or delay prosecution by contumacious and disrespectful conduct toward the court. In the circumstances of this case, the willful refusal of defendant to appear was such conduct (*People* v. *Johnson,* 45 A D 2d 1030). As noted by the Criminal Term (71 Misc 2d 1075, 1084) in its concluding remarks in its opinion in denying defendant's motion to vacate the jury verdict, "The administration of justice is not so delicate that it cannot protect itself from attack from those who defy it. A trial once commenced may not be stopped by the unilateral refusal to be judged." We have considered the other contentions raised by defendant on this appeal and find them to be without merit. Latham, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur. [71 Misc 2d 1075.]