19, 20, 23, 25 and 26 of respondents' demand for a bill of particulars. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ KEVIN BURKE, Appellant, v COMMISSIONER OF PAROLE OF THE STATE OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination denying parole to petitioner, he appeals from a judgment of the Supreme Court, Dutchess County, dated May 22, 1975, which denied the application. Judgment affirmed, without costs or disbursements. One who refuses to attend a hearing cannot claim that his absence was a denial of due process *(People v Epps,* 46 AD2d 890). Section 214 of the Correction Law, which indicates that the parole board shall consider reports prepared within the previous two months, does not require the board to obtain up-to-the-minute data. Although some degree of due process attaches to parole release hearings *(United States ex rel. Johnson v Chairman of New York State Bd. of Parole,* 500 F2d 925), the protection is limited because of the nonadversarial nature of the administrative determination. It does however include the basic right to be informed of the reasons for parole denial. Under the circumstances here involved, petitioner should be granted an expedited parole release hearing. Hopkins, Acting P. J., Martuscello, Damiani, Rabin and Hawkins, JJ., concur.

■ ROCCO DI NAPOLI, Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered December 1, 1975, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact findings were presented for review. In our opinion the issue whether plaintiff was contributorily negligent presented a question of fact which should have been decided by the jury (cf. *Delaney v Town of Orangetown,* 44 AD2d 396, affd 36 NY2d 770; *Rossman v La Grega,* 28 NY2d 300). Hopkins, Acting P. J., Martuscello, Shapiro and Hawkins, JJ., concur; Latham, J., dissents and votes to affirm the judgment, with the following memorandum: The testimony of plaintiff as to the circumstances surrounding the accident, the speed at which he was going when he approached the crossing and the extent of his visibility in the fog and mist, makes it clear that he was not in sufficient control of his loaded tractor-trailer to be able to stop it in time to avoid a collision with defendant's train, if it were on the crossing when he reached it. He was, therefore, contributorily negligent and he cannot recover (see *Heaney v Long Is. R. R. Co.,* 112 NY 122, 129; *Massey v Matza,* 11 AD2d 36; *Gordon v New York Cent. R. R. Co.,* 286 App Div 933).

■ MARIA T. FERNANDEZ, Individually, and as Administratrix of the Estate of ROSENDO FERNANDEZ, Deceased, Appellant, v WINDSOR LIFE INSURANCE COMPANY OF AMERICA, Respondent.—In an action on a policy of life insurance, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered October 17, 1975, which, after a nonjury trial, *inter alia,* dismissed the complaint and ordered the refund of all premiums paid. Judgment affirmed, with costs. The record is abundantly clear that the applicant omitted disclosure of a series of treatments up to the date of his application with respect to a coronary heart condition. Such failure to divulge constituted a material misrepresentation under section 149 of the Insurance Law. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur. [83 Misc 2d 301.]

■ JOYCE HAYNES, as Administratrix of the Estate of LEONARD C.

HAYNES, Deceased, et al., Appellants, v LONG ISLAND RAILROAD, Respondent.
—In an action to recover damages for wrongful death, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered March 17, 1975, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiffs' case, at a jury trial. Judgment affirmed, without costs or disbursements. The record on this appeal reveals that, on January 26, 1970, plaintiffs' intestate, a motorman for the New York City Transit Authority, was found sprawled near the Long Island Railroad tracks, with fatal injuries, which were presumably sustained in a fall. It can be deduced from the testimony that he left his train, which was located on the elevated tracks directly above the Long Island Railroad tracks, in order to locate or retrieve a brake handle which he had dropped. There were no eyewitnesses to the occurrence. The record reveals insufficient evidence of defendant's negligence to make out a prima facie case. Accordingly, the complaint was properly dismissed. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.