■ EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, v JAMES O'NEIL, JR., Respondent.—Order of the Supreme Court, New York County, entered January 23, 1978, denying plaintiff's motion for summary judgment on grounds that issues of fact exist which require a plenary trial, unanimously reversed, on the law, without costs or disbursements, and the motion for summary judgment granted. Defendant, then 54 years of age, applied for the policy July, 1974 and the policy was issued the following month, with the application attached. In answer to specific questions on the application as to whether he ever was treated for or ever had certain illnesses or within the past five years consulted or was examined or treated by any physician, had any illness, injury or surgery or been a patient in a hospital or had any X-ray test, defendant answered in the negative. The insured was hospitalized at Metropolitan Hospital from January 18, 1974 to January 31, 1974. The hospital discharge summary disclosed a diagnosis of labile hypertension, acute anxiety syndrome and abnormal lung scan. X-ray studies showed borderline cardiomegaly and that hydrodiural and Valium were prescribed. The insured's past medical history noted in the discharge summary indicated that he had double pneumonia at six months of age, diverticulosis diagnosed three years ago at the same hospital, prior multiple fractures of the tibia, wrist, frontal bone and nasalis, bilateral small toe amputation, cervical osteoarthritis at C-5 and C-6 level, ligament repair of the right knee and fatty food intolerance. Subdivision 2 of section 149 of the Insurance Law provides that: "2. No misrepresentation shall avoid any contract of insurance or defeat any recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract."

That section further provides: "4. A misrepresentation that an applicant for life * * * insurance has not had previous medical treatment, consultation or observation, or has not had previous treatment or care in a hospital * * * shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given". Although a question whether there was a misrepresentation of health, and if so, whether such misrepresentation was material, would normally be for a fact finder, the indisputable misrepresentations here are material as a matter of law (see *Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271; see, also, *Process Plants Corp. v Beneficial Nat. Life Ins. Co.,* 53 AD2d 214). The effect of these misrepresentations "especially in combination, must be said to have 'deprived the [insurance company] of freedom of choice in determining whether to accept or reject the risk' " *(Leamy v Berkshire Life Ins. Co., supra,* p 274). The conclusion is irresistible that had plaintiff been aware of the true facts the disability premium waiver provision would not have been included in the policy *(Vander Veer v Continental Cas. Co.,* 34 NY2d 50; *Wageman v Metropolitan Life Ins. Co.,* 24 AD2d 67, affd 18 NY2d 777), and in these circumstances there is no need for a hearing to introduce evidence of the insurer's underwriting rules or practices (see *Process Plants Corp. v Beneficial Nat. Life Ins. Co., supra,* pp 216-217). We do not agree with defendant's contention that because he had a meagre education he should be permitted to rely on plaintiff's agent who actually filled out the life insurance application for him which contained the misrepresentations in the answers. Any person of mature experience should realize that such a medical condition as above stated would have been of interest to an insurance company about to issue a life insurance policy *(Wageman v Metropolitan Life Ins. Co., supra).* The fact that plaintiff's medical examiner examined defendant does not relieve defendant of the obligation to answer truthfully. There was nothing in the application form or the answers given which might have alerted the medical examiner as to any of the illnesses from which defendant suffered. Concur—Murphy, P. J., Kupferman, Birns, Markewich and Lupiano, JJ.