Phyliss COHEN, Individually, and as Administratrix of the Estate of Solomon Cohen, Plaintiff,

v.

MUTUAL BENEFIT LIFE INSURANCE CO., Defendant.

No. 84 CIV 3712.

United States District Court, E.D. New York.

June 11, 1986.

Lester, Schwab, Katz & Dwyer, New York City, Richard Granofsky, of counsel, for plaintiff.

Smith & Laquericia, New York City, Thomas Michael Laquericia, Charles J. Jannace, III, of counsel, for defendant.

### MEMORANDUM–DECISION and ORDER

BARTELS, District Judge.

Plaintiff Phyllis Cohen brings this diversity action to recover proceeds under a life insurance policy issued by defendant Mutual Benefit Life Insurance (MBLI) to plaintiff's husband, Solomon Cohen, who died of cardio-respiratory arrest approximately four months after the policy was issued. (Unless otherwise indicated the name Cohen refers to Solomon Cohen). MBLI denied recovery under the policy on the ground that the insured's failure to disclose a long history of heart trouble and diabetes was a material misrepresentation which warranted rescission of the policy. Plaintiff subsequently brought this action, and MBLI now moves for summary judgment on the same ground.

*Facts*

In October, 1982, on the application for the policy at issue here, Cohen gave the following responses most of which MBLI claims constituted a material misrepresentation of his medical history and condition. (Cohen's responses are underlined).

1. Proposed insured: *Solomon Cohen*
2a. Name and address of your personal doctor: *Dr. Maurice Safrin—Booth Memorial Drive, Flushing, New York.*
   b. Date and reason last consulted: *1982 —checkup*

c. What treatment was given, diagnosis made, or medication prescribed? *None* (For each "Yes" answer in items 3 through 12, give details in item 13 below. Include diagnoses, dates, durations and names and addresses of all doctors or other practitioners.)

3. Have you ever had, or been told you had, or been treated for (Circle illness, injury, or complaint to which each "Yes" answer refers.)

a. heart trouble, high blood pressure, or pain about the heart or chest? *Yes* ["heart trouble" circled].

b. diabetes; presence of albumin, blood, or sugar in urine; ... ? *No.*

.     .     .     .     .

d. any injuries or other illnesses? *No.*

.     .     .     .     .

13. Remarks. *Myocardial Infarction 1976—3 weeks—Booth Mem. Hosp.— 10 weeks—home—no recurrence—Dr. Safrin.*

Following Cohen's death on February 9, 1983, MBLI conducted an investigation which revealed the following undisputed information. In April 1982, approximately six months before Cohen made his application, he was diagnosed by one Dr. Beregovich as suffering from advanced coronary disease, severe ventricular failure, angina pectoris, papillary muscle dysfunction and complete left bundle branch block, for which he took five types of medication twice a day. Dr. Beregovich reported his findings to Cohen's treating physician, Dr. Safrin, in a letter dated April 1, 1982, concluding that "considering this patient's poor prognosis, a more complete investigation appears desirable including cardiac catheterization and coronary angiograms."

MBLI also discovered a report by Dr. A. Tallis dated August 4, 1982, some two months before the application, stating that Cohen had an enlarged left ventricle, dyskenisis and akinesis,[1] and that his "cardiac ejection fraction"[2] was 8% although the normal range is 55% or more. Finally, MBLI discovered a letter, the contents of which are disputed by plaintiff, from a Dr. Kenneth R. Barasch to one Dr. Ian Pravda, dated March 1979, noting that a patient named Solomon Cohen "is, of course, a known diabetic who takes 100 units of NPH insulin a day in two divided doses." Defendant asserts that Cohen's failure to disclose his continued serious heart problems since the 1976 hospitalization, and his "no" answer on the application concerning diabetes were material misrepresentations.

To determine whether these misrepresentations were in fact material to defendant's decision to issue the policy in question, defendants have submitted the affidavit of Henry G. Heise, MBLI's Chief Underwriting Officer, and relevant portions of MBLI's underwriting guide which sets forth rules to be considered in insuring an applicant with particular medical conditions. This guide states that where an impairment in left ventricular function due to dyskinesis or akinesis, both of which were suffered by Cohen, "is severe and diffuse, the 5-year survival rate is only 10-20%." It further indicates that an ejection fraction of 34% or less is "poor", and appears to render the applicant an unac-

---

1. Both akinesis and dyskenisis refer to an abnormal motion of the left ventricle wall. According the MBLI's underwriting manual, "AKENISIS is absence of wall motion during systole and may indicate death of the involved portion of heart muscle. DYSKENISIS means that the involved portion of the heart muscle bulges out instead of contracting inward (as it normally should) during cardiac systole; this paradoxic motion indicates death of heart muscle and is synonymous with ventricular anuerysm, a life-threatening complication of myocardial infarction."

2. MBLI's underwriting manual explains "ejection fraction" as follows:

EJECTION FRACTION (EF) ... [is a] good measure[ ] of left ventricular function. When the left ventricle fails in its function of pumping blood into the aorta (and peripheral circulation), the left ventricle empties less of its volume of blood with each systolic contraction; the EF (percentage estimate of the amount of blood in the left ventricle that is pumped into the aorta during systolic contraction of the heart) decreases .... The EF ... is normally 60-75 percent.

ceptable risk, an interpretation confirmed by Heise. As previously noted, Cohen's ejection fraction was 8%, according to Dr. Tallis' report made some two months before Cohen applied for the insurance. The guide also sets out a rating schedule for determining the risk presented by an applicant with coronary artery disease. According to Heise, these guidelines show that "Solomon Cohen, with angina, diuretic medication, heart enlargement and murmurs would have been an unacceptable risk to MBLI if these conditions had been disclosed at the time of his application."

In opposition, plaintiff asserts that Cohen's answers on the insurance application were reasonable responses to the questions posed, and that Cohen did not have any more specific understanding or information about the nature of his heart condition. Plaintiff also denies any knowledge that her husband suffered from diabetes and asserts that the letter of Dr. Barasch must refer to a different Solomon Cohen. Plaintiff also urges that the question of whether these omissions were material is an issue of fact for the jury which should not be decided on summary judgment.

*Discussion*

Summary judgment may be granted only when the moving party can establish, based on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The function of the district court on a motion for summary judgment is not to resolve conflicting claims, but to "determine whether there are issues of fact to be tried. ... Stated another way, the key is issue-finding, not issue resolution." *United States v. One Tintoretto Painting,* 691 F.2d 603, 606 (2d Cir.1982).

■ Turning to the law applicable in this case, an insurer may rescind a life insurance policy where the insured, in application for the policy has made a material misrepresentation concerning a medical condition which would have led the insurer

to refuse to make the contract had it been disclosed. *Vander Veer v. Continental Casualty Co.,* 34 N.Y.2d 50, 356 N.Y.S.2d 13, 312 N.E.2d 156 (1974); *Process Plants Corp. v. Beneficial National Life Ins. Co.,* 53 A.D.2d 214, 385 N.Y.S.2d 308 (1st Dep't 1976), *aff'd,* 42 N.Y.2d 928, 397 N.Y.S.2d 1007, 366 N.E.2d 1361 (1977); N.Y. Ins. Law § 3105. The test for whether a misrepresentation is material "is whether failure to furnish a true answer defeats or seriously interferes with the exercise of the insurance company's right to accept or reject the application. The major question is whether the company has been induced to accept an application which it might otherwise have refused [citation omitted]." *Process Plants Corp. v. Beneficial National Life Ins. Co.,* 53 A.D.2d at 216–217, 385 N.Y.S.2d at 311.

■ Whether there has been a misrepresentation and the materiality of that misrepresentation are usually questions of fact for the jury; however, where the evidence concerning a material misrepresentation "is clear and substantially uncontradicted, the matter is one of law for the court to determine." *L. Smirlock Realty v. Title Guarantee Co.,* 70 A.D.2d 455, 462, 421 N.Y.S.2d 232, 237 (2d Dep't 1979); *see also Vander Veer v. Continental Cas.,* 34 N.Y.2d 50, 356 N.Y.S.2d 13, 312 N.E.2d 156 (1974); *Process Plants Corp., supra.* A determination of materiality as a matter of law may be based on evidence of the insurer's practice with respect to similar risks, as shown by such documents as the insurer's underwriting manuals or rules, and by testimony of a qualified employee of the insurer that the insurer would not have issued the particular contract it did had the facts been disclosed. *See Wittner v. IDS Ins. Co. of N.Y.,* 96 A.D.2d 1053, 466 N.Y.S.2d 480 (2d Dep't 1983); *L. Smirlock Realty v. Title Guarantee Co.,* 70 A.D.2d at 462, 421 N.Y.S.2d at 237; N.Y. Ins. Law § 3105(c); *see also Equitable Life Assurance Soc. of U.S. v. O'Neil,* 67 A.D.2d 883, 884, 413 N.Y.S.2d 714, 716 (1st Dep't 1979) (no need to introduce evidence of insurer's under-

writing rules or practices where materiality is obvious).

Turning to the case at hand, it is undisputed that Cohen's heart problems were more serious and more extensive than indicated in his answers on the application. Under New York law "it is the applicant's duty to disclose ... every fact bearing on or pertaining in any way to the insurability of [his] life, especially where specific questions are put to the applicant calling for such information." *Klapholtz v. New York Life Ins. Co.*, 218 A.D. 695, 699, 219 N.Y.S. 64, 67 (1st Dep't 1926), and an applicant's only partial disclosure "is as much a misrepresentation as a false affirmative statement." *Vander Veer v. Continental Cas. Co.*, 34 N.Y.2d 50, 52, 356 N.Y.S.2d 13, 14, 312 N.E.2d 156, 157 (1974) (failure to disclose full extent of heart condition is material misrepresentation as matter of law).

Here, the application asked if Cohen "ever had, or been told [he] had, or been treated for ... heart trouble," and if so to "give details" including "diagnoses, dates, durations and names and addresses of all doctors or other practitioners." However, rather than include the full history of his heart condition and the then-recent diagnoses reported to his treating physician in April 1982, and by Dr. Tallis in August 1982, Cohen listed only a hospitalization for a heart attack approximately six years before with the notation "no recurrence." It would be difficult to find that this answer was fully responsive to defendant's request for "details" of his condition.

■ Plaintiff's contentions that Cohen answered the application questions in good faith and did not understand the nature of his condition are unavailing and do not create an issue of fact for trial. Under New York law, the insurer need not show that the misrepresentation was knowingly made since even an innocent misrepresentation is sufficient to allow a rescission of the contract. *Process Plants Corp. v. Beneficial National Life Ins. Co.*, 53 A.D.2d at 216, 385 N.Y.S.2d at 310 (1st Dep't 1976), *aff'd*, 42 N.Y.2d 928, 397 N.Y.S.2d 1007,

366 N.E.2d 1361 (1977); *Tannenbaum v. Provident Mutual Life Ins. Co.*, 53 A.D.2d 86, 97–98, 386 N.Y.S.2d 409, 418 (1st Dep't 1976), *aff'd*, 41 N.Y.2d 1087, 396 N.Y.S.2d 351, 364 N.E.2d 1122 (1977); *see Friedman v. Prudential Life Ins. Co.*, 589 F.Supp. 1017, 1022 (S.D.N.Y.1984). Accordingly, plaintiff's assertions that Cohen innocently failed to disclose the full extent of his heart condition are irrelevant. *See Leamy v. Berkshire Life Ins. Co.*, 39 N.Y.2d 271, 383 N.Y.S.2d 564, 565, 347 N.E.2d 889, 890 (1976) (insured's understanding of significance of misrepresentations irrelevant); *Fernandez v. Windsor Life Ins. Co.*, 83 Misc.2d 301, 305–306, 372 N.Y.S.2d 357, 361–362 (Sup.Ct.Q.Cty 1975), *aff'd*, 52 A.D.2d 589, 382 N.Y.S.2d 120 (2d Dep't 1976). Therefore, it is clear, as a matter of law, that Cohen omitted a portion of his medical history and that such omission constituted a misrepresentation.

■ With regard to the question of the materiality of the misrepresentation, the Court finds, as a matter of law, that had Cohen revealed the extent of his heart condition, defendant, under its underwriting practices, would not have issued to him the policy in question. The underwriting manual submitted by defendant designates as "poor" or unacceptable risks anyone suffering from marked or severe heart enlargement, akinesis or dyskenisis, all of which were reported to be present in Cohen at about the time of his application, as well as anyone presenting an ejection fraction below 34% (Cohen's was 8%). Plaintiff has not challenged the evidence that this accurately represents MBLI's underwriting policy with regard to illnesses such as those suffered by Cohen. Furthermore, although these particular conditions alone would materially affect MBLI's decision to issue the policy, they represent only part of the picture. To those particular conditions just discussed must be added the other aspects of Cohen's heart problem diagnosed by Drs. Beregovich and Tallis, discussed *supra*, which Cohen also failed to disclose. Taken together, it is obvious that the full extent of Cohen's heart condition

would be of "substantial concern to the insurer," *Friedman v. Prudential Life Ins. Co.,* 589 F.Supp. at 1026.

Consequently, it may be said as a matter of law that Cohen's failure to disclose this information "seriously interfere[d] with the exercise of the insurance company's right to accept or reject the application," *Process Plants Corp. v. Beneficial National Life Ins.,* 53 A.D.2d at 216, 385 N.Y.S.2d at 311, and thus constituted a material misrepresentation justifying defendant's avoidance of the contract. *See Friedman v. Prudential Life Ins. Co.,* 589 F.Supp. 1017 (S.D.N.Y. 1984) (omission of diagnosis and treatment for arteriosclerotic heart disease, myocardial ischemia, congestive heart failure and enlarged heart is material misrepresentation as matter of law); *Vander Veer v. Continental Casualty Co.,* 34 N.Y.2d 50, 356 N.Y.S.2d 13, 312 N.E.2d 156 (1974) (although insured disclosed treatments for several disorders, failure to disclose heart condition and medication therefor is material as matter of law); *Process Plants Corp. v. Beneficial National Life Ins. Co.,* 53 A.D.2d 214, 385 N.Y.S.2d 308 (1st Dep't 1976) (failure to disclose treatment for hypertension); *Equitable Assur. Soc. of U.S. v. O'Neil,* 67 A.D.2d 883, 413 N.Y.S.2d 714 (1st Dep't 1979) (failure to disclose hospitalization for hypertension, acute anxiety and abnormal test results); *Fernandez v. Windsor Life Ins. Co.,* 83 Misc.2d 301, 372 N.Y.S.2d 357 (Sup.Ct.Q.Cty.1975), aff'd, 52 A.D.2d 589, 382 N.Y.S.2d 120 (2d Dep't 1976) (failure to disclose treatment for coronary heart disease with angina).

Defendant also claims that Cohen affirmatively misrepresented that he did not have diabetes. Despite plaintiff's claim that she has no knowledge of such condition in her husband, defendant contends that the medical records corroborate defendant's claim. Moreover, plaintiff's denial is insufficient on this type of motion. In view of the Court's determination that Cohen's failure to disclose the full extent of his heart condition constituted a material misrepresentation warranting rescission of the policy, it need not address the issue of whether or not Cohen also had diabetes and misrepre-

sented such on the application. *See Friedman v. Prudential Life Ins. Co.,* 589 F.Supp. 1017, 1021–1022 (S.D.N.Y.1984) (plaintiff cannot create an issue of fact by denying knowledge of information concerning insured's medical history).

In view of the discussion above, defendants motion for summary judgment is granted and plaintiff's complaint is hereby dismissed.

SO ORDERED.