**NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**Barbara Ann MARKMAN, Defendant.**

**No. 86 Civ. 1583 (KTD).**

United States District Court,
S.D. New York.

Jan. 16, 1987.

Smith & Laquercia, P.C., New York City, for plaintiff; Thomas Michael Laquercia, Charles J. Jannace, III, of counsel.

Hoffman, Silverberg & Wachtell, New City, for defendant; Lee A. Hoffman, of counsel.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, New England Mutual Life Insurance Company ("New England"), brings this diversity action to rescind the disability insurance policy issued by it to the defendant, Barbara Ann Markman ("Markman"). New England moves for summary judgment on the ground that material misrepresentations made by Markman in the policy application warrant rescission of the policy. Markman denies any misrepresentations, and cross-moves for summary judgment on the ground that New England has waived its right to rescind the policy. For the

reasons which follow, New England's motion for summary judgment is denied and Markman's cross-motion for summary judgment is also denied.

### FACTS

New England issued a disability insurance policy to Markman on November 20, 1984. In April 1985, Markman filed a disability claim resulting from migraine headaches. Following its investigation of her medical history, New England refused to pay Markman's claim on the ground that she had omitted material information from her policy application.

New England claims that Markman's answers to the following questions on the policy application constitute material misrepresentations (Markman's answers are underlined):

2. Have you ever been treated for or ever had any known indication of:

   *   *   *   *   *   *

   b. Dizziness, fainting, convulsions or headache; ... Yes ["headache" underlined]

   *   *   *   *   *   *

7. Have you ever requested or received benefits or payments because of an injury, sickness or disability? No.

Explain "YES" answers (Identify question number and include diagnoses, dates, duration and names and addresses of attending physicians and medical facilities.)

2b) Headache—Have migraine headaches since childhood. Last saw Dr. Marvin Shapiro 200 E. Eckerson Rd. Spring Valley, NY Sept. 84 regarding same.

Exh. 6 to Plaintiff's Notice of Motion.

New England asserts that during its investigation of Markman's medical history, it discovered the following three undisclosed, material facts. First, Markman had been treated by Dr. Marvin Shapiro since January 1981 including a brain CAT-scan on October 9, 1984, and prescriptions for sixteen various medications for migraine headaches. Second, Markman was treated for migraine headaches at the Headache Clinic of Montefiore Hospital, Bronx, New York, from January to March 1983. New England asserts that these facts should have been disclosed in Markman's explanation of question 2(b) on the policy application. Third, Markman was absent from her job between August 1 and September 22, 1983 as a result of migraine headaches, and she received "disability salary discontinuance" payments, equivalent to her salary, from her employer during that period. New England asserts that this fact directly contravenes Markman's answer to question seven on the policy application, stating that she had never requested or received benefits or payments because of an injury, sickness or disability. Markman claims that these payments are a salary continuation, not additional benefits or payments obtained by filing a disability claim, and thus are not responsive to question seven.

The first two allegedly undisclosed, material facts are considerations in determining an acceptable risk in New England's underwriting manual. The manual prescribes that when an applicant for insurance suffers from migraine headaches, the underwriter may either attach a rider excluding migraine headaches from the policy's coverage, or calculate a higher policy premium. New England claims that had it known of Markman's true medical condition at the time she applied for disability insurance, it would have refused Markman's application for coverage unless subject to the rider excluding migraine headaches. After its investigation of Markman's disability claim, New England offered to continue the policy subject to the rider; Markman refused the offer. New England then brought this action to rescind the policy based on Markman's alleged misrepresentations.

Markman asserts that her statements on the policy application clearly indicate that she had a long history of migraine headaches and had last received treatment for migraines within a month of the application. She claims that the information on the application was sufficient to alert New

England to any possible necessity of a rider. Markman further asserts that by continuing to accept premiums on the policy after investigating and refusing to cover her disability claim, New England has waived any right to rescind the policy.

## DISCUSSION

The court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 (1982). The parties agree that New York law applies to resolve this dispute.

New England moves for summary judgment to rescind Markman's policy based on material misrepresentations, and Markman cross-moves for summary judgment on the grounds that there was no material misrepresentation and that New England has waived any right to rescind the policy. Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Any material misrepresentation as to specific diseases or ailments on an insurance policy application, even an innocent misrepresentation, allows an insurer to defeat recovery under the policy or to rescind the contract altogether. *Process Plants Corp. v. Beneficial Nat'l Life Ins. Co.*, 53 A.D.2d 214, 216, 385 N.Y.S.2d 308, 310 (1st Dep't), *aff'd without opinion*, 42 N.Y.2d 928, 397 N.Y.S.2d 1007, 366 N.E.2d 1361 (1976); *Eastern District Piece Dye Works, Inc. v. The Travelers Ins. Co.*, 234 N.Y. 441, 449–50, 138 N.E. 401, 405 (1923). New York State insurance law defines a misrepresentation as a false "statement as to past or present fact, made to the insurer by ... the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof." N.Y.Insurance Law § 3105(a) (McKinney 1985). Even an applicant's partial disclosure on an insurance application "is as much a misrepresentation as a false affirmative statement." *Cohen v. Mutual Benefit Life Ins. Co.*, 638 F.Supp. 695, 697 (E.D.N.Y.1986), (quoting *Vander Veer v. Continental Casualty*

*Co.*, 34 N.Y.2d 50, 52, 356 N.Y.S.2d 13, 14, 312 N.E.2d 156, 157 (1974)). A misrepresentation is material when "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make [the insurance] contract." N.Y.Insurance Law § 3105(b) (McKinney 1985).

Ordinarily, the question of materiality of misrepresentation is a question of fact for the jury. However, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine. The test is whether failure to furnish a true answer defeats or seriously interferes with the exercise of the insurance company's right to accept or reject the application. The major question is whether the company has been induced to accept an application which it might otherwise have refused.

*Process Plants*, 53 A.D.2d at 216–17, 385 N.Y.S.2d at 310–11; *see also Cohen*, at 697.

██ The evidence concerning misrepresentation and materiality in this case is clear and substantially uncontradicted. On the insurance application, Markman clearly stated that she had suffered from "migraine headaches since childhood," and then identified the physician who had most recently treated her, within a month of the insurance application. Markman's failure to include in the application the first two facts claimed by New England to be misrepresented, the specific treatments and tests prescribed by Dr. Shapiro and her treatment at the Headache Clinic, neither defeats nor seriously interferes with New England's right to accept or reject her application. Markman made her long history of migraine headaches clear on the insurance application, and in no way misrepresented the extent of her problem. In all of the cases cited by New England on this issue the diseases and ailments known to the applicant were undisclosed on the insurance application. These cases are inapplicable to the facts at bar, where Markman fully disclosed her disease on the applica-

tion.[1] The evidence clearly indicates that there was no material misrepresentation as to the first two facts allegedly misrepresented on the policy application.

■ An issue of fact to be determined at trial remains regarding the third fact claimed by New England to be misrepresented on the policy application, that Markman had never requested or received benefits or payments because of an injury, sickness or disability. Whether or not the payments Markman received from her employer during her absence from work in 1983 were "disability benefits" or merely "salary continuation" is a genuine issue of material fact that cannot be determined on a motion for summary judgment. Fed.R. Civ.P. 56(c).

Therefore, because there was no material misrepresentation as to the first two facts that New England relies upon, and because an issue of fact remains as to the third, New England's motion for summary judgment to rescind Markman's policy is denied.

■ Markman cross-moves for summary judgment on the ground that New England has waived its right to rescind the policy. The doctrines of waiver and estoppel apply to cases involving insurance to regulate the relationship between an insurer and its insured, and to avoid forfeitures.

Waiver ... constitutes the intentional relinquishment of a known right, with full knowledge of the facts upon which the existence of the right depends. Thus, where an insurer, with knowledge of the breach of the policy, manifests an intention, express or implied, to surrender a right, by unequivocal action inconsistent with a forfeiture of the policy, it may be concluded that the insurer waived the ground for forfeiture. Similarly, the principle of equitable estoppel may apply to estop an insurer where, with knowledge of the facts, it acts in a manner inconsistent with a forfeiture.

*Gilbert Frank Corp. v. Federal Ins. Co.,* 91 A.D.2d 31, 33, 457 N.Y.S.2d 494, 496 (1st Dep't 1983) (citations omitted).

■ Because Markman made no material misrepresentation as to the first two alleged misstatements on the insurance application, no breach of the policy occurred. New England never had the right to forfeit her policy on those grounds, and determination of whether that right was waived is irrelevant to this action. Therefore, Markman's cross-motion for summary judgment that New England has waived its right to rescind the policy on those grounds is denied as moot. Genuine issues of material fact remain as to whether Markman misrepresented the third alleged misstatement, whether the policy was breached, and whether New England forfeited that right. Because these issues cannot be resolved on a motion for summary judgment, Fed.R. Civ.P. 56(c), Markman's cross-motion for summary judgment that New England waived its right to rescind the policy on that ground is denied.

In sum, both motions for summary judgment are denied. At this time, sufficient facts are not available to determine whether all policy conditions have been met to declare it in effect, whether Markman is entitled to benefits for her disability claim, and who is entitled to the premiums paid by Markman on the policy since the claim and those tendered by New England to Markman.

1. *Process Plants,* 53 A.D.2d 214, 385 N.Y.S.2d 308 (cardiac symptoms and treatments undisclosed); *Klapholtz v. New York Life Ins. Co.,* 218 A.D. 695, 219 N.Y.S. 64 (1st Dep't 1926) (tuberculosis and three years' treatment in a sanitarium undisclosed); *Vander Veer,* 34 N.Y.2d 50, 356 N.Y.S.2d 13, 312 N.E.2d 156 (cardiac condition and medication undisclosed); *Horton v. Prudential Ins. Co. of America,* 46 A.D.2d 456, 363 N.Y.S.2d 130 (3d Dep't 1975) (recent hospitalization for a serious disorder undisclosed); *Berlin v. Associated Hosp. Serv. of New York,* 60 Misc.2d 767, 303 N.Y.S.2d 553 (Sup.Ct.1969) (ulcer and treatment undisclosed); *Borchardt v. New York Life Ins. Co.,* 102 A.D.2d 465, 477 N.Y.S.2d 167 (1st Dep't), *aff'd without opinion,* 63 N.Y.2d 1000, 483 N.Y.S.2d 1012, 473 N.E.2d 262 (1984) (high blood pressure and diabetes undisclosed); *Cohen,* 638 F.Supp. 695 (E.D.N.Y. 1986) (heart trouble only partially disclosed and diabetes undisclosed).

At this point this case should take no longer than two days to try. A proposed pretrial order is to be filed within thirty days of the date hereof. At that time, the case will be marked "Ready for Trial."

SO ORDERED.