| |
|---|
| **Adirondack Ins. Exch. v Sejour** |
| 2024 NY Slip Op 30354(U) |
| January 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655462/2020 |
| Judge: Suzanne Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. SUZANNE ADAMS

*Justice*

PART     39

-------------------------------------------------------------------X

ADIRONDACK INSURANCE EXCHANGE,

Plaintiff,

- v -

MELISSA SEJOUR, PETERSON ROUSSE, MOHAMMED RAHMAN

Defendants.

-------------------------------------------------------------------X

| INDEX NO. | 655462/2020 |
| --- | --- |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, it is ordered that plaintiff's motion and the cross-motion of defendants Melissa Sejour and Peterson Rousse are denied. Plaintiff is a domestic insurance corporation which issued a homeowner's insurance policy to defendant Sejour as the named insured for the policy period March 15, 2016—2017 for the premises located at 933 East 86 Street, Brooklyn. Defendant Rousse is also a named insured under the policy. Defendant Mohammed Rahman alleges he was injured while working at the premises on November 24, 2016, and commenced a personal injury action against defendant Rousse which is currently pending in Kings County. Plaintiff commenced this action in October 2020 seeking a declaratory judgment that it has no duty to defend or indemnify defendants Sejour and Rousse in the underlying action.

Plaintiff now moves pursuant to CPLR 3212 for summary judgment declaring that it has no duty to defend or indemnify Sejour or Rousse in the underlying action. Plaintiff maintains that (1) there was no coverage in the first instance; (2) its disclaimer was timely; and (3) defendants cannot invoke equitable estoppel. Defendant Rahman opposes the motion. Defendants Sejour and

655462/2020  ADIRONDACK INSURANCE EXCHANGE vs. SEJOUR, MELISSA ET AL
Motion No. 001

Page 1 of 4

Rousse cross-move pursuant to CPLR 3212 for an order declaring the insurance policy at issue to be enforceable and that any loss in the underlying personal injury action is covered under the policy. Plaintiff opposes the cross-motion.

It is well-settled that "the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 324 (1986) (citing *Winegrad v. New York University Medical Center*, 64 N.Y.2d 851 (1985)). Summary judgment will only be granted if there are no genuine, triable issues of fact. *Assaf v. Ropog Cab Corp.*, 544 N.Y.S.2d 834, 835 (1st Dep't 1989). Further, whether an insurer is required to disclaim coverage depends on the circumstances of the contractual relationship with the insured. If an insurance applicant fails to disclose material facts, such that the application is misleading or incorrect, they cannot recover from the insurer. *See Klapholtz v. New York Life Ins. Co.*, 219 N.Y.S. 64, 67 (1st Dep't 1926). "Disclaimer pursuant to [Insurance Law] section 3420(d) is unnecessary when . . . the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed. By contrast, disclaimer . . . is necessary when denial of coverage is based on a policy exclusion without which the claim would be covered . . . ." *Worcester Ins. Co. v. Bettenhauser*, 95 N.Y.2d 185, 188-89 (2000). Insurance Law § 3420 (d) requires an insurer to disclaim liability "as soon as is reasonably possible . . . ." This must be done "once the insurer has sufficient facts entitling it to disclaim . . . ." *First Fin. Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64, 66 (2003). As such, the insurer bears the burden to establish that the delay in disclaiming was excusable because of the need and difficulty in completing a thorough and diligent investigation. *Id.* at 69. Finally, to invoke equitable estoppel, and thereby preclude an insurer's untimely disclaimer, the insured must show

**655462/2020 ADIRONDACK INSURANCE EXCHANGE vs. SEJOUR, MELISSA ET AL**
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

that they have "been prejudiced in some significant way by the conduct of the [insurer]." *Travelers Prop. Cas. v. Weiner*, 666 N.Y.S.2d 392, 395 (Sup. Ct. Tompkins Co. 1997).

Here, it is unclear from the record as to whether the subject premises was non-conforming at the onset of the insurance contract. A statement given by defendant Sejour identified tenants in the subject premises "back in 2016," but it is unclear whether this occurred before or after March 15, 2016. (NYSCEF 23). Thus, it cannot be said as a matter of law that there was no coverage, which would trigger any duty to disclaim by the plaintiff.

Moreover, even if there was no question that a disclaimer of coverage was warranted, plaintiff's denial of coverage was untimely. Plaintiff received its first notice of the claim and lawsuit on November 26, 2018. Plaintiff received statements from the insureds in December 2018 and January 2019 that the subject premises was a three-family house, and thus, did not fall within the insurance policy's coverage. Yet plaintiff did not disclaim coverage until July 28, 2020. (NYSCEF 29). Where the insurer possessed sufficient facts to deny coverage and yet delayed the disclaimer for 30 days or longer, courts have found such a disclaimer untimely as a matter of law. *See Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 58 (1st Dep't 2005) (collecting cases). Thus, plaintiff's delay of a year and a half in disclaiming is untimely as a matter of law. However, whether defendants were in fact prejudiced by the delay in disclaiming coverage is itself a question of fact for the trier thereof.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied without prejudice, with leave to renew.

**655462/2020 ADIRONDACK INSURANCE EXCHANGE vs. SEJOUR, MELISSA ET AL**
**Motion No. 001**

**Page 3 of 4**

[* 3]

This constitutes the decision and order of the court.

_SA_

| 01/30/2024 | | SUZANNE ADAMS, J.S.C. |
|---|---|---|
| **DATE** | | |

CHECK ONE:
☐ CASE DISPOSED
☒ NON-FINAL DISPOSITION
☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION:
☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:
☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**655462/2020   ADIRONDACK INSURANCE EXCHANGE vs. SEJOUR, MELISSA ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4