Certain Underwriters at Lloyds London v Martin (2024 NY Slip Op 02140)

Certain Underwriters at Lloyds London v Martin

2024 NY Slip Op 02140

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 651961/20 Appeal No. 2124-2125 Case No. 2023-02608, 2023-04146 

[*1]Certain Underwriters at Lloyds London etc., Plaintiff-Respondent,
v
Denny Martin, MD, et al., Defendants-Appellants.

Lipsius-BenHaim, LLP, Kew Garden (Alexander J. Sperber of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 5, 2023, which granted plaintiff's motion for summary judgment declaring that the subject policies were void ab initio and rescinded, unanimously affirmed, without costs. Order, same court and Justice, entered on or about June 28, 2023, which denied defendants' motion to renew, unanimously affirmed, without costs.
Supreme Court correctly granted plaintiff's motion for summary judgment declaring that the subject disability insurance policies issued to defendants were void ab initio and rescinded due to material misrepresentations made by defendant Denny Martin, MD in the applications for insurance (see Starr Indem. & Liab. Co. v Monte Carlo, LLC, 190 A.D3d 441, 441-442 [1st Dept 2021], lv dismissed 37 NY3d 932 [2021]). Contrary to defendants' contention, plaintiff was not required to proffer documentary evidence of its underwriting practices to show that it would not have issued the policies to defendants had it been aware that Martin was engaged in Medicare fraud (see Equitable Life Assur. Socy. of U.S. v O'Neil, 67 AD2d 883, 884 [1st Dept 1979]). Plaintiff's declarant specifically stated that there were no guidelines governing the circumstances presented here, and that guidelines were not required since plaintiff would not have insured an individual or business that was actively committing a crime that would impact the insured's license to practice medicine. That declaration was supported by the criminal complaint alleging that Martin engaged in a scheme to defraud Medicare between June 2015 (before he signed the insurance application) and January 2019, to which he entered a guilty plea.
Defendants' CPLR 2221 motion was properly denied, as defendants' arguments therein were belied by the affidavit submitted in Martin's divorce proceeding and in his deposition testimony, both of which were appended to plaintiff's motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024