■ EVA C. JOHNSON, Respondent, v. UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: In this action by the beneficiary to recover upon a policy of life insurance, the insurer in its answer raised two affirmative defenses— (1) breach of warranty by the insured as to his physical condition at the time the policy was issued, and (2) material misrepresentations by the insured in the application for insurance. The plaintiff on her direct case undertook to refute the defense of breach of warranty by showing that the insured at the time the policy was issued was in good health. The defendant thereafter abandoned the defense of breach of warranty. With breach of warranty out of the case, the actual physical condition of the insured was not at issue, and the only question of fact was whether the insured in his application for the policy had made misrepresentations and whether the misrepresentations if made, were material. The court erred in refusing defendant's request to charge that the question of materiality depended upon whether the insurer would have issued the standard policy at the standard rate. The request is in accord with the rule that under subdivision 2 of section 149 of the Insurance Law "the test of materiality is whether knowledge of the facts misrepresented would have led the insurer to refuse to make 'such contract,' i.e., the one which it did make" (Misrepresentations by Insured under the New York Ins. Law, 44 Col. L. Rev. 241, 253; Home Life Ins. Co. v. Kupfer, 281 App. Div. 685). The defendant was also entitled to a charge as requested that if the jury found defendant's practice was to reject applications in similar cases or to issue policies at a higher premium, they should consider that practice in determining whether the misrepresentations in this case were material. This request conforms to subdivision 3 of section 149 of the Insurance Law. A close question of fact was presented for the jury's consideration in this case and we conclude that the refusal to grant such requests to charge was prejudicial. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff in an action under a life insurance policy.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ. [See post, p. 846.]

■ In the Matter of the Arbitration between CANADA DRY BOTTLING COMPANY OF BUFFALO, N. Y., INC., Respondent, and SAMUEL J. MORDINO, as President of Beverage Workers Local Union No. 1195, et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Erie Special Term granting a motion by petitioner for a stay of arbitration and denying a cross motion to compel arbitration and other relief.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.