Mitchell D. Schweitzer, J.
This is a motion by plaintiff to strike out the affirmative defense.
The action is on a policy of disability insurance upon which payment has been refused. Plaintiff is an insured under a policy of group insurance issued to the American Medical Association by defendant.
In its answer defendant alleges affirmatively that -plaintiff made untruthful representations as to his health in the written *797 application for the said insurance. That, in relying on these untruthful representations, they issued the policy which they would not have issued had they known the alleged true facts concerning the insured’s health.
Plaintiff contends that the affirmative defense pleaded is as a matter of law not available to defendant because the application is inadmissible in evidence. Further, that, pursuant to section 142 of the Insurance Law, the truth or falsity of the statements contained in the application are immaterial to the ease.
Section 142 bars the admissibility into evidence of any application for the issuance of a policy of life, accident or health insurance. The application herein was not one for the issuance of a policy for life, accident or health insurance. It was an application for insurance under a group policy which had already been issued to the American Medical Association. Section 142 of the Insurance Law is not applicable to group insurance.
The fact that the application for insurance was not attached to the certificate issued to plaintiff does not prevent defendant from using in evidence any alleged misrepresentations contained therein. There is no obligation in law that an application for insurance be attached to a certificate as distinguished from a policy (Cutler v. Hartford Life Ins. Co., 51 Misc 2d 286).
Plaintiff’s further objection to defendant’s affirmative defense of misrepresentations is based upon the contention that defendant was contractually obliged to issue the certificate of insurance sued upon to plaintiff without underwriting and therefore regardless of any information that plaintiff might have included in the application for insurance.
However, it is shown by the exhibits that defendant had offered members of the American Medical Association an opportunity to apply for any one of these separate plans and to receive a certificate of insurance under whatever plan they might apply for. They show that the company reserves the right to limit impaired risks to the benefits obtainable under Plan 0 (Part II of Master Policy) so that it would appear only under Plan C that an applicant might receive insurance in spite of an adverse medical history. Plaintiff made application for and was issued a certificate under Plan A.
Nor is section 222 of the Insurance Law applicable herein. That section applies only to 1 ‘ blanket insurance ’ ’ and blanket insurance is limited to the types described in section 222, which does not include the type of insurance herein. The motion is denied.