ALBERT VANDER VEER, II, Respondent-Appellant, *v.* CONTINENTAL CASUALTY COMPANY, Appellant-Respondent.

Third Department, November 4, 1968.

*Arthur E. McCormick* for appellant-respondent.

*Cooper, Erving & Savage (Harry S. Christenson* of counsel), for respondent-appellant.

GABRIELLI, J. These are cross appeals from an order of the Supreme Court, Albany County, entered August 7, 1967, which denied motions made by plaintiff and defendant for summary judgment.

The defendant issued a group accident and health insurance policy to the American Medical Association which offered three plans of coverage: Plan " A " provided an indemnity of $1,000 per month; Plan " B " $750 per month; and Plan " C " $500 per month. The plaintiff, a member of the association, applied for and received a certificate insuring him under Plan " A ", and subsequently became totally disabled. The defendant refuses to make payments therefor, alleging that plaintiff materially misrepresented the condition of his health when he failed to reveal that he suffered from paroxysmal atrial fibrillation and cardiac abnormality, in response to a specific question in the application for coverage, regarding disorders of the cardiovascular system. While there are conflicting affidavits as to the condition of plaintiff's health, it appears that a report filed by plaintiff's physician with the defendant states that he had treated plaintiff for paroxysmal atrial fibrillation and had been given a history of such episodes since adolescence.

In support of his prayer for relief, plaintiff denies making any material false representation and, relying on the provisions of section 142 of the Insurance Law, further claims that even if such is the case the defendant is precluded from introducing into evidence the application containing the representation, since the application was not attached to the insurance policy or certificate of insurance. His reliance on this section is misplaced for, while it (Insurance Law, § 142) provides for exclusion from evidence of any such representation unless it is attached to the policy, this section applies only to individual insurance policies and not to group health and accident policies (*Helfaer* v. *John Hancock Mut. Life Ins. Co.,* 30 A D 2d 102). The defendant properly argues that the admissibility of any representations made by an insured is governed by section 162 (subd. 1, par. [a]) of the Insurance Law, which refers to group accident and health policies and requires only that any statement made by the insured

must, if to be used to avoid the insurance, be "contained in a written instrument signed by the person insured" (Insurance Law, § 162, subd. 1, par. [a]). (See *Cutler* v. *Hartford Life Ins. Co.*, 28 A D 2d 730, mod. 22 N Y 2d 245; *Bacchi* v. *Continental Cas. Co.*, 53 Misc 2d 796, affd. 28 A D 2d 970.)

Upon plaintiff's prayer for relief under Plan "A", the record reveals the existence of questions of fact as to whether plaintiff misrepresented the condition of his health as well as the materiality of any such representation, which impels denial of the motion and cross motion for summary judgment.

However, we reach a different result in considering plaintiff's request for alternative relief by way of partial summary judgment pursuant to CPLR 3212 (subd. [e]) in which it is contended he should be entitled to judgment for the amounts of the benefits under Plan "C". Plaintiff's total disability as evidenced by the moving papers is not controverted. In its widely advertised recruitment program among eligible members of the American Medical Association, the defendant offered coverage for benefits "Regardless of your Past Medical History-Guaranteed issuance of Plan C". In its solicitation, defendant also made the further representation that "During the Charter Enrollment Period, all eligible Members in active full-time practice, irrespective of age, may apply. *Coverage will be issued to all applicants during this period, regardless of past medical history.* However, impaired risks may be limited to Plan C." (Emphasis supplied.) We would here point out that there is no dispute that plaintiff is an "eligible member" under the definition set forth in the policy and which policy, perforce, must be the source of these parties' rights and obligations. Additionally, it is conceded that plaintiff made application for coverage within the charter enrollment period.

The policy sued upon provides that during the charter enrollment period, the defendant will insure all eligible members of the American Medical Association who make written application therefore and Part II of the policy entitled ELIGIBILITY AND EFFECTIVE DATE OF INDIVIDUAL INSURANCE further provides that, "All such Eligible Members who make written application for insurance hereunder during a five month period immediately following the effective date of this policy will be insured by the Company as of the date of the Company's approval of the Member's application, however, the Company reserves the right to limit to the lowest amount of Monthly Indemnity provided in the policy the insurance of any such Members who do not furnish evidence of insurability satisfactory and acceptable to the Company without expense to the Company." While the policy pro-

vides different amounts of indemnity designated as "Plans", they were all offered as part of one contract with the American Medical Association to provide insurance to its members. A contract between the defendant and any eligible member came into being upon the filing of an application by the member and, in effect, the member would be insured at least under Plan "C" regardless of past medical history. While the policy reserved the defendant's *right to limit* a member's indemnity to this latter plan if "evidence of insurability satisfactory and acceptable to the Company" was not furnished, it did not reserve to the company the *right to reject* an application of an eligible member during the initial enrollment and the defendant cannot, therefore, now argue that any alleged misrepresentation regarding a medical history would relieve it of its obligation. It is to be noted that only after the initial charter enrollment period could the defendant reject, even under Plan "C", a member found to be uninsurable for medical reasons.

Our attention has been called to the holding in *Bacchi* v. *Continental Cas. Co.* (53 Misc 2d 796, affd. without opn. 28 A D 2d 970, *supra*), which involved a motion for the dismissal of the affirmative defense of plaintiff's material false representation regarding the condition of his health. The action was brought for indemnity under Plan "A" of the same policy present in the case before us. . A reading of *Bacchi* reveals nothing which impels us to reach a different conclusion. It does not appear that the court there considered the question of partial summary judgment, nor does it appear that the application for insurance in *Bacchi* was made during the charter enrollment period.

Upon this phase of the litigation, there being an absence of any issues of fact to be determined, plaintiff is entitled to partial summary judgment in the amount of $500 per month from the date of his total disablement to the date action was commenced, without prejudice to a further recovery under Plan "A" upon trial of the action.

The order should be modified, on the law and the facts, so as to grant partial summary judgment to the plaintiff in the amount of $500 per month, with interest, from October 3, 1965 to January 31, 1966, and, as so modified, affirmed, with costs to respondent-appellant.

HERLIHY, J. P., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Order modified, on the law and the facts, so as to grant partial summary judgment to the plaintiff in the amount of $500 per month, with interest, from October 3, 1965 to January 31, 1966, and, as so modified, affirmed, with costs to respondent-appellant.