Baldwin, Appellant, *v.* Prudential Insurance Company of America.

Argued September 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Paul Shalita,* for appellant.

*Peter C. Paul,* with him *Albert A. Lindner, George M. Brodhead,* and *Rawle & Henderson,* for appellee.

OPINION BY HOFFMAN, J., November 13, 1969:

This is an appeal from a judgment entered in favor of defendant, The Prudential Insurance Company of America, following a jury verdict.

On April 26, 1965, Henry Baldwin applied for an insurance policy to be issued by Prudential. At 8:00 p.m. on May 10, 1965, Baldwin was examined by Dr. Allen Webber on behalf of Prudential and at that time answered the questions on the Company's medical application. To the question whether he had "any known indication of . . . chest pain," Baldwin answered, "No."

That very evening, no more than one hour after this examination, Baldwin sought medical attention from his own family physician, Dr. William H. Warrick, Jr. Dr. Warrick's testimony indicated that Baldwin was in apparent distress at the time of this visit. Baldwin further stated to Dr. Warrick that he had suffered shortness of breath and chest pains for a period of about four weeks prior to May 10, 1965.

As a result of this examination, Dr. Warrick arranged for an electrocardiogram of Baldwin on May 11. On May 13, Baldwin, complaining of chest pains, was admitted to a hospital. At that time he told the admitting physician that "about two to three months

prior to admission he developed left sternal burning type pain with exertion which was relieved by rest." He also stated that he had experienced "short[ness] of breath after walking one block." Mr. Baldwin died of a heart attack on May 21, 1965. Prudential subsequently refused to issue the policy on the ground that Mr. Baldwin made fraudulent misrepresentations.

At the conclusion of the presentation of evidence and upon the request of both counsel, three interrogatories were submitted to the jury. One of these was: "Did Henry Baldwin make any material false statement knowing it to be false, or otherwise act in bad faith in making it, when he answered the questions and signed the declaration in . . . the [medical] application, . . . on May 10, 1965?"

The jury answered this question "Yes." Based on this answer, and others not relevant to the present discussion, the court rendered a verdict for Prudential.

On appeal appellant contends that "there was no fraud committed by Henry Baldwin sufficient to void the policy ab initio."

There are three elements that an insurer must establish to void a policy in the case of misrepresentation. These are: (1) the declaration must be false; (2) its subject matter must be material to the risk; and (3) the applicant must have known it to be false or must have made the statement in bad faith.

The court correctly charged the jury with respect to the above three elements. It further directed, however, that the question and answer with respect to chest pain were material to the risk so that if decedent answered that he had no chest pain, knowing that answer to be false or otherwise acted in bad faith, this would constitute a misrepresentation sufficient to void the policy.

The appellant argues that the judge should have left the issue of materiality to the jury. He points

out that many men suffer chest pain, yet attribute no great significance to this fact.

It would appear to us, however, that this contention confuses the issues of materiality and bad faith. A question and answer may be material to the risk, yet not void the policy, if the insured gave the false answer in good faith, unaware of its falsity. While materiality is often a question left for the jury, where the answer is false and the matter involved is manifestly material to the risk, the question is one of law which may be decided by the court. See *Indovina v. Metropolitan Life Insurance Co.*, 334 Pa. 167, 5 A. 2d 556 (1939); *Ratkovic v. Metropolitan Life Insurance Co.*, 126 Pa. Superior Ct. 492, 191 A. 201 (1937); *Evans v. Penn Mutual Life Insurance Co.*, 322 Pa. 547, 186 A. 133 (1936); 7 Couch on Insurance 2d, §35:94, p. 110 (1961).

Generally, it has been held that "Every fact untruly asserted or wrongfully suppressed must be regarded as material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of the premium." 7 Couch on Insurance 2d, §35:79, p. 94 (1961).

In the instant case, we have no hesitancy in affirming the lower court's decision that knowledge of the prior existence of chest pains in a fifty-nine-year-old man was a question which was material and would affect the judgment of the insurer in estimating the risk. Certainly, such knowledge would put it on notice in estimating the degree of risk and would suggest the need for a more intensive examination.

Whether the misstatement was made fraudulently and in bad faith, however, was a question for the jury in this case. The jury might have found that Mr. Baldwin did not answer this question with an intent to defraud or in bad faith. However, the jury found

for the defendant, and its finding was supported by ample evidence.

On the very night of the insurance company's medical examination, decedent stated to his family physician that he had recently suffered chest pains. He repeated this assertion several days later upon his admission to the hospital. From this evidence, the jury could well find that decedent's chest pains were not minor and forgotten troubles, but were of acute contemporary concern to Mr. Baldwin.

Moreover, the jury's decision might well have been based on the general principle of law that: "It is sufficient to show that they were false in fact and that insured knew they were false when he made them [citing cases], since an answer known by insured to be false when made is presumptively fraudulent." *Evans v. Penn Mutual Life Insurance Co.,* supra at 553.

In summary we find that the court did not err in finding that a false answer as to prior chest pains constituted a misstatement material to the risk to be assumed by the insurer. Under such circumstances the jury correctly found that the insured's fraudulent misrepresentation should void the policy.[1]

Judgment affirmed.

---

[1] In view of our holding in this case, we need not reach the issue of whether the conditional receipt issued by Prudential, when the insurance application was made, provided insurance immediately. Although the lower court found that it did not, we note that there is a split of authority among the jurisdictions, and the issue is not fully resolved in Pennsylvania. Cf. 1 Couch on Insurance, §§14:41 and 14:42 (1959). Our opinion today, therefore, should not be viewed as supporting the lower court's opinion on this issue.