## Bremmer, Appellant, *v.* Protected Home Mutual Life Insurance Company.

Argued April 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James D. McDonald, Jr.,* with him *Quinn, Plate, Gent, Buseck & Leemhuis,* for appellant.

*John F. Potter,* with him *MacDonald, Illig, Jones & Britton,* for appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

On September 18, 1967 August M. Bremmer (insured) went to appellee insurance company's medical examiner for a life insurance policy examination. The doctor asked him certain questions pertaining to his medical history. To the question of the last time he had consulted a physician, the insured replied that he had been to Dr. Hipps on September 2, 1967 for a head cold which he had had for three days. The insured

also replied that he had not consulted any physicians during the past five years for any other causes.

The insured died of lung cancer on December 22, 1967. The widow-beneficiary brought an action for the amount due and appellee alleged as a defense that information had been fraudulently withheld at the time of the medical examination. A motion for summary judgment was granted in the insurer's favor prior to trial. On appeal to the Supreme Court, the judgment was reversed and the matter directed to proceed to trial. *Bremmer v. Protected Home Mutual Life Insurance Co.*, 436 Pa. 494, 260 A. 2d 785 (1970).

At trial the insurance company produced evidence that on September 1, 1967 insured had consulted Dr. Hipps concerning a pain in his groin. Dr. Hipps suspected a circulatory ailment and referred him to a cardiovascular specialist, Dr. D'Angelo. Insured complained to Dr. D'Angelo that he had a soreness of the right calf. Dr. D'Angelo preliminarily diagnosed the condition as phlebitis, and recommended that the leg be elevated. At a later appointment on September 6, 1967, the condition appeared to have cleared. In November the insured was admitted to the hospital for what was found to be cancer.

The case was presented to the jury with the instructions that in order for appellee to prevail there had to be clear, precise and indubitable evidence that the insured gave the insurer false answers to the specific question intentionally to deceive the insurance company into issuing the policy in question. The jury returned a verdict in favor of the insurance company. Post-trial motions were denied by the court en banc. Judgment was entered, and this appeal followed.

The facts in this case are similar to *Baldwin v. Prudential Insurance Company of America*, 215 Pa. Superior Ct. 434, 258 A. 2d 660 (1969). There this Court

stated "[t]here are three elements that an insurer must establish to void a policy in the case of misrepresentation. These are: (1) the declaration must be false; (2) its subject matter must be material to the risk; and (3) the applicant must have known it to be false or must have made the statement in bad faith." Id. at 436, 258 A. 2d at 661.

Each of these questions was left to the jury with proper instructions. There was clearly sufficient evidence for the jury to find for appellee. Testimony of the doctors proved the declarations to be false. In addition, the recent visits to a specialist by a sixty year old man would have put the company on notice in estimating the degree of risk and would suggest the need for a more intensive examination. Considering the close proximity of the doctors' visits to the examination, the applicant certainly knew the statements were false, and the jury could infer the requisite bad faith.

Judgment affirmed.