**The MUTUAL BENEFIT LIFE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**JMR ELECTRONICS CORP., Defendant–Appellant.**

**No. 1170, Docket 88–7156.**

United States Court of Appeals, Second Circuit.

Argued May 24, 1988.

Decided May 25, 1988.

Alexander J. Wulwick, New York City (Robert Horowitz, Great Neck, N.Y., on the brief), for defendant-appellant.

George Berger, New York City (Sy Gruza, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Guy C. Bosetti, Senior Vice Pres. & Gen. Counsel, Philip N. Reynolds, Assoc. Counsel, Mutual Benefit Life Ins. Co., Newark, N.Y., on the brief), for plaintiff-appellee.

Phillip E. Stano, Washington, D.C., filed a brief for amici curiae American Council of Life Ins. & Health Ins. Ass'n of America.

Before NEWMAN and PRATT, Circuit Judges, and TELESCA, District Judge.[*]

PER CURIAM:

JMR Electronics Corporation ("JMR") appeals from a judgment of the District Court for the Southern District of New York (Robert W. Sweet, Judge) ordering recission of a life insurance policy issued by plaintiff-appellant The Mutual Benefit Life Insurance Company ("Mutual") and dismissing JMR's counterclaim for the policy's proceeds. Judge Sweet ruled that a misrepresentation made in the policy application concerning the insured's history of cigarette smoking was material as a matter of law. Appellant contends that the misrepresentation was not material because Mutual would have provided insurance—albeit at a higher premium rate—even if the insured's smoking history had been disclosed. We agree with the District Court that summary judgment was appropriate and therefore affirm.

The basic facts are not in dispute. On June 24, 1985, JMR submitted an application to Mutual for a $250,000 "key man" life insurance policy on the life of its president, Joseph Gaon, at the non-smoker's discounted premium rate. Mutual's 1985 Ratebook provides: "The Non-Smoker rates are available when the proposed insured is at least 20 years old and has not smoked a cigarette for at least twelve months prior to the date of the application." Question 13 of the application inquired about the proposed insured's smoking history. Question 13(a) asked, "Do you smoke cigarettes? How many a day?" Gaon answered this question, "No." Question 13(b) asked, "Did you ever smoke cigarettes?" Gaon again answered, "No." Based on these representations, Mutual issued a policy on Gaon's life at the non-smoker premium rate.

Gaon died on June 22, 1986, within the period of contestability contained in the

---

[*] The Honorable Michael A. Telesca of the United States District Court for the Western District of New York, sitting by designation.

policy, *see* N.Y. Ins. Law § 3203(a)(3) (McKinney 1985). Upon routine investigation of JMR's claim for proceeds under the policy, Mutual discovered that the representations made in the insurance application concerning Gaon's smoking history were untrue. JMR has stipulated that, at the time the application was submitted, Gaon in fact "had been smoking one-half of a pack of cigarettes per day for a continuous period of not less than 10 years." Mutual brought this action seeking a declaration that the policy is void. Judge Sweet granted Mutual's motion for summary judgment, dismissed JMR's counterclaim for the proceeds of the policy, and ordered recission of the insurance policy and return of JMR's premium payments, with interest.

Under New York law, which governs this diversity suit, "[i]t is the rule that even an innocent misrepresentation as to [the applicant's medical history], if material, is sufficient to allow the insurer to avoid the contract of insurance or defeat recovery thereunder." *Process Plants Corp. v. Beneficial National Life Insurance Co.*, 53 A.D. 2d 214, 216, 385 N.Y.S.2d 308, 310 (1st Dep't 1976), *aff'd mem.*, 42 N.Y.2d 928, 397 N.Y.S.2d 1007, 366 N.E.2d 1361 (1977). A "misrepresentation" is defined by statute as a false "statement as to past or present fact, made to the insurer ... at or before the making of the insurance contract as an inducement to the making thereof." N.Y. Ins. Law § 3105(a) (McKinney 1985). A misrepresentation is "material" if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." *Id.* § 3105(b). Case law has somewhat broadened the materiality inquiry: "The question ... is not whether the company *might have issued* the policy even if the information had been furnished; the question in each case is whether the company has been induced to accept an application which it *might otherwise have refused.*" *Geer v. Union Mutual Life Insurance Co.*, 273 N.Y. 261, 269, 7 N.E.2d 125 (1937) (emphasis in original); *see L. Smirlock Realty Corp. v. Title Guarantee Co.*, 70 A.D.2d 455, 462, 421 N.Y.S.2d 232, 236–37 (2d Dep't 1979), *modified on other grounds,*

52 N.Y.2d 179, 437 N.Y.S.2d 57, 418 N.E.2d 650 (1981). The materiality determination normally presents an issue of fact for the jury, but "where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine." *Process Plants Corp. v. Beneficial National Life Insurance Co., supra,* 53 A.D.2d at 216, 385 N.Y.S.2d at 310–11; *see also Friedman v. Prudential Life Insurance Co. of America,* 589 F.Supp. 1017, 1026 (S.D.N.Y.1984) (citing New York cases).

In the present case JMR has stipulated that Gaon's smoking history was misrepresented in the insurance application. However, JMR disputes that this misrepresentation is material as a matter of law. JMR argues that under New York law a misrepresentation is not material unless the insurer can demonstrate that, had the applicant provided complete and accurate information, coverage either would have been refused or at the very least withheld pending a more detailed underwriting examination. In JMR's view summary judgment was inappropriate on the facts of this case because a jury could reasonably have found that even "had appellee been aware of Gaon's smoking history, a policy at the smoker's premium rate would have been issued," Appellant's Br. at 4 (emphasis omitted). JMR takes the position that the appropriate remedy in this situation is to permit recovery under the policy in the amount that the premium actually paid would have purchased for a smoker.

We agree with Judge Sweet that this novel theory is without basis in New York law. The plain language of the statutory definition of "materiality," found in section 3105(b), permits avoidance of liability under the policy where "knowledge of ... the facts misrepresented would have led to a refusal by the insurer to make *such contract.*" (Emphasis added). Moreover, numerous courts have observed that the materiality inquiry under New York law is made with respect to the particular policy issued in reliance upon the misrepresentation. In *Barrett v. State Mutual Life Assurance Co.*, 58 A.D.2d 320, 396 N.Y.S.2d

848 (1st Dep't 1977), *aff'd*, 44 N.Y.2d 872, 407 N.Y.S.2d 478, 378 N.E.2d 1047 (1978), *cert. denied*, 440 U.S. 912, 99 S.Ct. 1226, 59 L.Ed.2d 461 (1979), for example, the Court found that misrepresentations concerning the insured's medical history contained in his application for life insurance were material as a matter of law, notwithstanding a jury's verdict granting recovery under the policy. The evidence conclusively demonstrated, said the Court, that "had [the insurer] known the truth, the policy in evidence, *whatever may have been done about a possible higher premium rate*, would not have issued in the form found here." *Id.* at 323, 396 N.Y.S.2d at 851 (emphasis added). *See also Cohen v. Mutual Benefit Life Insurance Co.*, 638 F.Supp. 695, 697 (E.D.N.Y.1986) ("A determination of materiality as a matter of [New York] law may be based on evidence . . . that the insurer would not have issued the particular contract it did had the facts been disclosed."); *L. Smirlock Realty Corp. v. Title Guarantee Co., supra*, 70 A.D.2d at 462, 421 N.Y.S.2d at 237 (asking whether "insurer would not have issued the particular contract it did at the same premium had the facts been disclosed"); *Johnson v. United States Life Insurance Co.*, 4 A.D.2d 825, 825, 164 N.Y.S.2d 748, 749 (4th Dep't 1957) ("[T]he question of materiality depend[s] upon whether the insurer would have issued the standard policy at the standard rate."); *North Atlantic Life Insurance Co. v. Rothman*, No. 561/87, slip op. at 2 (Sup.Ct. Nassau Cty. Feb. 22, 1988) (misrepresentation concerning insured's smoking history in application for "non-smoker's" life insurance policy material as a matter of law, "[w]hether or not a smoker policy would have been issued at a higher premium") (citing Judge Sweet's opinion in pending case); *cf. Equitable Life Assurance Society of the*

*United States v. O'Neil*, 67 A.D.2d 883, 884, 413 N.Y.S.2d 714, 716 (1st Dep't 1979) (misrepresentations material as matter of law because "had [the insurer] been aware of the true facts the disability premium waiver provision would not have been included in the policy"). Our conclusion is supported as well in case law from other jurisdictions[1] and by the commentators.[2]

*Vander Veer v. Continental Casualty Co.*, 30 A.D.2d 506, 294 N.Y.S.2d 353 (3d Dep't 1968), *aff'd*, 24 N.Y.2d 986, 302 N.Y. S.2d 817, 250 N.E.2d 226 (1969), though superficially similar to the pending case, does not support appellant's proffered construction of New York law. The plaintiff in *Vander Veer* sued for proceeds from a group insurance policy, issued to the American Medical Association, in which he was enrolled. Under the master policy, all individual applicants, regardless of their medical history, were guaranteed coverage under "Plan C," which provided monthly indemnity of $500. The plaintiff applied for the higher $1,000 monthly indemnity coverage provided by "Plan A." The insurer accepted the application in reliance on misrepresentations concerning the plaintiff's medical history. The New York courts allowed recovery under Plan C, *id.*, but, at a subsequent stage of the litigation, denied plaintiff recovery under Plan A because the misrepresentations were found to be material as a matter of law, *see Vander Veer v. Continental Casualty Co.*, 34 N.Y.2d 50, 356 N.Y.S.2d 13, 312 N.E.2d 156 (1974). The opinion of the Appellate Division in the first phase of the litigation emphasized the special circumstances involved in the group policy context that permitted recovery under Plan C despite the misrepresentations made in the Plan A application:

While the policy provides different amounts of indemnity designated as

---

**1.** *See Smith v. North American Company for Life & Health Insurance*, 775 F.2d 777, 781 (7th Cir. 1985) (Wisconsin law); *Swift v. North American Company for Life & Health Insurance*, 677 F.Supp. 1145, 1149–50 (S.D.Fla.1987), *aff'd mem.*, 838 F.2d 1220 (11th Cir.1988) (Florida law).

**2.** "[T]he test of materiality [is] whether knowledge of the facts would have influenced the

insurer in determining whether to accept the risk or in fixing the amount of premiums. . . ." 45 C.J.S. *Insurance* § 595, at 406 (1946); *see also* 7 G. Couch, *Cyclopedia of Insurance Law* § 35:79, at 127 (2d ed. 1985) ("[T]he test of materiality is: Did the fact or circumstance represented or misrepresented operate to induce the insurer to accept the risk, or to accept it at a lower premium?").

"Plans", they were all offered as part of one contract with the American Medical Association to provide insurance to its members. A contract between the defendant and any eligible member came into being upon the filing of an application by the member and, in effect, the member would be insured at least under Plan "C" regardless of past medical history. While the policy reserved the defendant's *right to limit* a member's indemnity to this latter plan if "evidence of insurability satisfactory and acceptable to the Company" was not furnished, it did not reserve to the Company the *right to reject* an application of an eligible member during the initial enrollment and the defendant cannot, therefore, now argue that any alleged misrepresentation regarding a medical history would relieve it of its obligation.

30 A.D.2d at 508–09, 294 N.Y.S.2d at 356. Those circumstances clearly are not present in the pending case.

There is no doubt that Mutual was induced to issue the non-smoker, discounted-premium policy to JMR precisely as a result of the misrepresentations made by Gaon concerning his smoking history. That Mutual might not have refused the risk on *any* terms had it known the undisclosed facts is irrelevant. Most risks are insurable at some price. The purpose of the materiality inquiry is not to permit the jury to rewrite the terms of the insurance agreement to conform to the newly disclosed facts but to make certain that the risk insured was the risk covered by the policy agreed upon. If a fact is material to the risk, the insurer may avoid liability under a policy if that fact was misrepresented in an application for that policy whether or not the parties might have agreed to some other contractual arrangement had the critical fact been disclosed. As observed by Judge Sweet, a contrary result would reward the practice of misrepresenting facts critical to the underwriter's task because the unscrupulous (or merely negligent) applicant "would have everything to gain and nothing to lose" from making material misrepresentations in his application for insurance. Such a claimant could

rest assured not only that he may demand full coverage should he survive the contestability period, N.Y. Ins. Law § 3203(a)(3), but that even in the event of a contested claim, he would be entitled to the coverage that he might have contracted for had the necessary information been accurately disclosed at the outset. New York law does not permit this anomalous result. The judgment of the District Court is affirmed.