■ NORTH ATLANTIC LIFE INSURANCE COMPANY OF AMERICA, Respondent, v LENORA ROTHMAN, Individually and as Representative of the Estate of HAROLD ROTHMAN, Deceased, Appellant.—In an action to rescind a life insurance policy, the defendant appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered April 26, 1988, which (1) granted the plaintiff's motion for summary judgment, (2) dismissed the defendant's counterclaims and (3) denied defendant's cross motion for leave to amend her answer.

Ordered that the order is affirmed, with costs.

The record establishes that both the decedent and the defendant misrepresented the decedent's history of cigarette smoking on the application for insurance. The application dated July 9, 1984 indicated that the "[i]nsured has not smoked cigarettes in the past 12 mos". The application further provided that the proposed insured and the applicant represented that, to the best of their knowledge, all statements and answers contained in the application were true and correctly recorded. Both the decedent and the defendant signed the application.

In support of its motion for summary judgment the plaintiff insurer submitted a medical report dated January 5, 1984, which characterized the decedent as a "[h]eavy cigarette smoker". Additionally, the insurer submitted a portion of the

defendant's examination before trial during which she stated: "I couldn't tell you when he was on cigarettes and off cigarettes". The insurer's director of underwriting submitted an affidavit in support of the motion indicating that the policy would not have been issued had the insurer known that the decedent smoked during the 12-month period prior to applying for the policy.

We find that the insurer made a prima facie showing of entitlement to judgment as a matter of law (see, *Winegrad v New York Univ. Med. Center*, 64 NY2d 851; *Fox v Wyeth Labs.*, 129 AD2d 611). The defendant's conclusory allegations in response were insufficient to defeat the insurer's motion (see, *Zuckerman v City of New York*, 49 NY2d 557).

Contrary to the defendant's contention, we conclude that the misrepresentation was material (see, *Mutual Benefit Life Ins. Co. v JMR Elecs. Corp.*, 848 F2d 30). It is apparent that had the insurer known the true facts the policy would not have issued (see, Insurance Law § 3105 [b]).

Lastly, the Supreme Court properly denied the defendant's cross motion to amend her answer to include a counterclaim for reformation. Given the material misrepresentation, reformation, as contemplated by the defendant, would have required the court to rewrite the agreement. A court "cannot under the guise of reformation make a new contract for the parties" (69 NY Jur 2d, Insurance, § 783, at 186). Thus, the amendment sought by the defendant was palpably improper (see, *Shepherd v New York City Tr. Auth.*, 129 AD2d 574; *Casey v State of New York*, 119 AD2d 363). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.