**NEW YORK LIFE INSURANCE CO.**

v.

**Lawrence JOHNSON.**

**Civ. A. No. 89-3379.**

United States District Court,
E.D. Pennsylvania.

Jan. 22, 1990.

Kenneth R. Pina and Christopher M. Arfaa, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

Wallace L. Walker, Philadelphia, Pa., for defendant.

BENCH OPINION [1]

LOUIS H. POLLAK, District Judge.

The case is a diversity case in which the plaintiff, New York Life Insurance Company ("New York Life" or "NYLIC"), seeks a declaratory judgment that the life insurance policy issued by it to the defendant's son, of which the defendant is the beneficiary, should be rescinded.

The claim of rescission is based on two alleged misrepresentations contained in the application for insurance. The application for insurance was filled out by the insurance agent, that is to say the plaintiff's agent, at the instruction of the decedent and in the presence of the defendant. The defendant, at the request of the decedent, signed the application on the decedent's behalf. The policy was one for fifty thousand dollars of life insurance coverage. The policy was applied for and issued in 1986. The decedent died in 1988. The insurance policy was taken out by the decedent, Kirk Johnson, at his father's request, and the father, Lawrence Johnson, Sr., the defendant, paid the premium.

The two misrepresentations alleged in the amended complaint are these: First, that the decedent, who died of AIDS in 1988, did not disclose at the time of the application that he was suffering from AIDS symptoms. The second alleged misrepresentation is that the decedent represented on the application that he had not smoked cigarettes at any time in the last twelve months, and indeed had never smoked cigarettes, although, in fact, the

---

1. This bench opinion has been edited slightly to improve intelligibility.

decedent smoked on an average of ten cigarettes a day up through the period of the making of the application for the insurance in question.

The plaintiff has moved for summary judgment. The defendant has filed a cross-motion for summary judgment.

### The NYLIC Motion

On this motion for summary judgment, the only ground urged by the plaintiff for the grant of summary judgment is the alleged misrepresentation with respect to smoking. There is nothing before the court with respect to the alleged misrepresentation, as embodied in the amended complaint, with respect to the decedent's medical condition at the time that he applied for the insurance in question.

On this motion for summary judgment, it is common ground that Kirk Johnson did assert in the application for insurance that he had not smoked during the previous twelve months and indeed had never smoked. It is further common ground that that misrepresentation was false. That is to say, it is acknowledged by defendant in answers to interrogatories that his son did smoke on the order of ten cigarettes a day.

It is not contested that the decedent was unaware of his own smoking practices, nor could any such submission be seriously entertained. Accordingly, the relatively narrow question presented is whether this misrepresentation with respect to the decedent's smoking practices is a material misrepresentation which calls for avoidance of the insurance policy as a matter of law.

On the record before this court, the following appears through the affidavit of Thomas J. O'Leary, corporate vice-president of New York Life Insurance Company:

6. In reliance upon the representations made by Mr. Johnson in his Application, and based upon the risk associated with said representations, NYLIC issued life insurance policy no. 42338746 on Mr. Johnson's life. Based upon Mr. Johnson's representation that he was not a cigarette smoker, this policy of insurance was issued at a lower premium than is offered to known cigarette smokers ("smokers").

7. Pursuant to established underwriting guidelines, a copy of which is attached hereto as Exhibit "F," NYLIC offers life insurance to non-smokers at a premium which is lower than that offered by NYLIC to smokers. If NYLIC undertakes to insure the life of a person who smokes cigarettes, NYLIC requires the payment of a higher premium by such person. NYLIC requires a higher premium from smokers than it does from non-smokers because smokers as a group have a statistically confirmed higher mortality rate, and thus present a higher degree of risk than do non-smokers.

NYLIC Motion, Exhibit "E," pp. 2–3.

Because this is a diversity action, my obligation is to determine this motion for summary judgment as a Court of Common Pleas would determine it. The case is one in which the plaintiff, New York Life, is a New York corporation and the defendant is a citizen of Pennsylvania; so too was the decedent.

The policy in question was applied for when the decedent was domiciled here in Pennsylvania. Under Pennsylvania choice-of-law law, as it would be applied by a Pennsylvania Court of Common Pleas, the law applicable with respect to a policy applied for in Pennsylvania is Pennsylvania law, unless it were clearly to appear that the insured's residence, when the policy was in fact issued to and received by the insured, was in a state other than Pennsylvania. *See Berkshire Life Insurance Company v. Aiello,* No. 88–7927, 1989 WL 98453 (E.D.Pa. August 21, 1989) (Waldman, J.).

Were this case to be determined under the substantive law of New York, the requested relief, namely summary judgment, would be granted. It appears to be the law of New York that a misrepresentation with respect to smoking habits voids the policy, notwithstanding that an accurate representation with respect to smoking—that is to say a representation that the proposed insured does smoke—would result not in the

non-issuance of the policy, but the issuance of it at some higher non-discounted smoker's rate.

This determination of New York law was made by the Second Circuit in *Mutual Benefit Life Insurance Company v. JMR Electronics Corp.*, 848 F.2d 30 (2d Cir.1988). That decision by the Second Circuit was relied upon in the Appellate Division for the Second Department's statement of New York law to the same effect in *North Atlantic Life Insurance Company of America v. Rothman*, 151 A.D.2d 731, 542 N.Y. S.2d 795 (A.D. 2 Dept.1989).

The law of New York is very likely the law of Florida. *See Swift v. North American Company*, 677 F.Supp. 1145, 1149–50 (S.D.Fla.1987), *affirmed*, 838 F.2d 1220 (11th Cir.1988). It is also very likely the law of Alabama as reflected in *Stephens v. Guardian Life Insurance Company of America*, 742 F.2d 1329, 1332–34 (11th Cir. 1984).

The Florida and Alabama cases turn directly on the statutory language that prevails in those states. The question is whether the same rule applies here in Pennsylvania. There is no question on this record that the smoking habits of the decedent are material to the risk assumed by the insurer. The question for decision is whether the decedent's misrepresentation of this material fact necessarily results as a matter of law in avoidance of the insurance contract.

■ Were the misrepresentation one which went to the character of the risk—in a sense that would be involved if the misrepresentation were one as to the health of the applicant for insurance, as, for example, saying "no" rather than "yes" to a question of whether the proposed insured had diabetes or coronary heart disease or any family history with respect to these matters—there is no question that under Pennsylvania law the misrepresentation would be one which would result in avoidance of the contract of insurance.

The question presented here is somewhat different, in the sense that on this record it does not appear that New York Life would *not* have issued the policy in question. The record gives ground for the inference—indeed, I don't understand plaintiff to offer a different inference—that the policy would have issued had the correct facts been represented, but it would have issued at a higher premium rate.

The position taken by plaintiff is that the language of the Pennsylvania cases, although it is not contended that there are any holdings to this effect, shows that the Pennsylvania courts would, if confronted with this issue, reach exactly the result arrived at by the Second Circuit and the Appellate Division in New York.

Particular stress is laid upon the language of the Superior Court in *A.G. Allebach, Inc. v. Hurley*, 373 Pa.Super. 41, 540 A.2d 289, 295 (1988). There the Superior Court said, "[i]nformation is said to be material if knowledge or ignorance of it would naturally influence the judgment of the insurer in issuing the policy, in estimating the degree and character of the risk, or in fixing the premium rate." That language is drawn from language in *Baldwin v. Prudential Insurance Company*, 215 Pa.Super. 434, 258 A.2d 660, 662 (1969).

Further, the Superior Court said "[t]he possibility that a claim could be made within the policy period would have at the least placed restrictions on Hurley's policy, or increased his premium." *A.G. Allebach, supra*, 540 A.2d at 295. The reference to the likely increase in premium had a correct representation been made is in line with the language of the Third Circuit relating to the law of New Jersey [2]

under which material misrepresentations, even if innocent, will justify rescission of a life insurance policy under the doctrine of equitable fraud. Furthermore, a misrepresentation is material as a matter of law where knowledge of the truth would naturally influence the judgment of the

---

**2.** In the transcript of this proceedings I referred to Pennsylvania and not New Jersey law. That represents a mistake of the tongue rather than a mistake of analysis, which I correct in this version of the bench opinion.

insurer in making the contract, estimating the risk, or fixing the premium. *Parker Precision Products Company v. Metropolitan Life Insurance Company,* 407 F.2d 1070, 1073 (3d Cir.1969); citations omitted.

■ The conclusion I would draw is that summary judgment would be proper here if it were apparent that the misrepresentation was one whose consequences are conjectural. That is to say, if one could not know with any assurance at what rate insurance would have issued had the proper information been supplied, then one would have been in a circumstance akin to that in which false information with respect to the health background of the insured is supplied. I note again, the language of the Third Circuit in *Parker Precision Products* relates to the situation in which "knowledge of the truth would naturally influence the judgment of the insurer in making the contract, estimating the risk, or fixing the premium."

The record before this court on this motion for summary judgment, the affidavit of NYLIC Vice–President O'Leary, tells us that "pursuant to established underwriting guidelines ... NYLIC offers life insurance to non-smokers at a premium which is lower than that offered by NYLIC to smokers." So it seems to me at least a reasonable inference from this record on motion for summary judgment, that had the accurate information been presented to New York Life, it would have insured the deceased at a higher premium pursuant to an established schedule. That is to say, there would have been no problem of judgment, just simply a recalculation of rate.

I do not say that that conclusion is compelled on this record, but it is at least a fair, and it seems to me on the basis of this record a most probable, inference to draw. At the summary judgment stage, of course, all I need determine is that there are material facts which are in controversy. I surely cannot say, on the basis of this record, that had proper information with respect to Kirk Johnson's smoking history been presented to New York Life, no policy would have issued. The likely inference, as I say, seems to me that a policy would have issued, but on terms of a higher premium rate.[3]

As I say, under the New York law as announced by the Second Circuit and Appellate Division, New York Life would be entitled to summary judgment on this record. I am not persuaded that the Pennsylvania cases require so draconian a result. My conclusion is that at this stage of the case summary judgment in favor of New York Life cannot be granted since material issues of fact remain in dispute. For that reason, I am going to deny the motion for summary judgment.

### The Johnson Motion

The cross-motion for summary judgement must be denied. There is not, on the case as it stands in this court, any prayer for any counterclaim for enforcement of the policy. The case in its posture before the court is simply one for declaratory relief brought by New York Life.

### Conclusion

Accordingly, the motion for summary judgment will be denied, and the cross-motion for summary judgment will also be denied.

---

**3.** I note in that connection, that assuming the inference to be correct that New York Life would have issued insurance as a matter of course had the proper information been presented, one cannot begin to tell on this record whether the result would have been that a policy in the amount of $50,000 would have issued for higher premium payments, or whether what would have been purchased was a policy for which the same dollar amount of premiums were paid and with a proportionately lower coverage.