## Sechrist v. Penn Mutual Insurance Co.

*Herman A. Gailey III,* for plaintiff.
*Val E. Winter,* for defendant.

CASSIMATIS, *J.,* July 24, 1990 — This matter is before the court pursuant to the motion for summary judgment of defendant Penn Mutual Insurance Company. For the reasons set forth below, the motion is granted and the complaint of plaintiff, Charlotte Sechrist, dismissed.

The relevant facts are as follows: Plaintiff's decedent, Stanley Sechrist, signed an application for a life insurance policy issued by defendant. The application contained a question inquiring whether decedent had smoked cigarettes within the last 12

months, the answer to which was "No." By plaintiff's own admission, Mr. Sechrist did not read the application before signing it. The application contained the following language just above where Mr. Sechrist signed it.

"I . . . represent that the statements and answers in this . . . application are written as made by me and are complete and true to the best of my knowledge and belief. I . . . agree that they will be part of the contract of insurance if issued; that I will be bound by such statements and answers and that Penn Mutual, believing them to be true, will rely and act upon them. I also understand and agree that: (1) . . . no insurance will be in force . . . while the health, habits, occupation and other facts relating to the proposed insured, are the same as described in this Part I of the application."

Shortly thereafter, defendant issued a life insurance policy for Mr. Sechrist, which named plaintiff as the beneficiary. According to an affidavit filed by an employee of defendant, premiums under the policy were assessed at the lower non-smoker rate as opposed to the higher smoker rate. Less than one year later, Mr. Sechrist died as a result of respiratory failure caused by lung cancer. Plaintiff submitted a claim for benefits, which defendant rejected upon learning that Mr. Sechrist had misrepresented his smoking habits.

Plaintiff then filed a complaint, claiming benefits under the policy. In her reply to defendant's new matter, plaintiff concedes that the answer on the application regarding Mr. Sechrist's smoking was false and, in fact, Mr. Sechrist had smoked cigarettes in the 12 months prior to signing the application. Plaintiff had also filed an affidavit stating that she was present during the application process, did not recall any questions regarding smoking and that

Mr. Sechrist signed the application without reading it. Plaintiff further states that it was the agent of defendant, not her husband, who filled out the application. In addition, plaintiff recalls that at no time did the agent inform decedent that a lower premium would result from a non-smoker status.

In support of its motion, defendant argues that Mr. Sechrist's representation regarding his smoking habits was knowingly false, material to the risk assumed by defendant, made in bad faith and relied on by defendant. As a result, defendant submits that plaintiff as a matter of law is barred from recovery under the policy. Defendant also contends that plaintiff is not entitled to recover the benefits he would have been able to recover had he disclosed that he was a smoker.

Plaintiff counters by asserting that the materiality of the risk assumed by defendant is a jury question not properly subject to summary judgment. Plaintiff also maintains defendant has not met its burden of proving, as a matter of law, that the representation of Mr. Sechrist was made in bad faith. Plaintiff further submits that the mere fact that a different rate schedule might have applied had Mr. Sechrist disclosed his smoking habit does not void the policy, but rather allows plaintiff to recover the benefits that would have been available to a smoker.

In order to avoid its obligations under an insurance policy, the insurer has the burden of proving that the statements made by an applicant on the application were false and material and that the applicant must have known that the statements were false and made in bad faith. In addition, the insurer must establish that it relied upon the misstatements in issuing the policy. *Piccinini v. Teachers Protective Mutual Life Insurance Co.,* 316 Pa. Super. 519, 463 A.2d 1017 (1983).

With regard to the first element of avoidance, namely, falsity, it is clear the answer regarding Mr. Sechrist's smoking habits was false. As for the second element, materiality, normally the question of materiality is for the jury. *Baldwin v. Prudential Insurance Co. of America,* 215 Pa. Super. 434, 258 A.2d 660 (1969). However, where the answer is false and the matter involved manifestly material to the risk, the question is one of law which may be decided by the court. *Baldwin,* 215 Pa. Super. at 437, 258 A.2d at 662. In discussing materiality, the court in *Baldwin* stated:

"Generally, it has been held that 'Every fact untruly asserted or wrongfully suppressed must be regarded as material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract at all, or in estimating the degree and character of the risk, *or in fixing the rate of the premium.'* 7 Couch on Insurance 2d, §35:79, p. 94 (1961)." 215 Pa. Super. at 437, 258 A.2d at 662.

In the instant case, we have no problem concluding that the materiality of Mr. Sechrist's representations regarding his smoking habits can be resolved by this court as a matter of law. Defendant's employee filed an affidavit stating that the rates defendant charged Mr. Sechrist for life insurance would have been more expensive had it been known that Mr. Sechrist smoked. Since Mr. Sechrist's false representation regarding his smoking habits affected the rates charged by defendant, we are inclined to conclude that the representation was material. Additionally, we find that since the rates charged by defendant were affected by whether Mr. Sechrist smoked, defendant relied on his representations regarding his smoking habits.

Turning to the issue of known falsity and bad faith, the test of recovery is the good faith of the insured, and the burden of proving the answers given were known to be false is on the insurer who asserts it. *Prevete v. Metropolitan Life Insurance Co.,* 343 Pa. 365, 22 A.2d 691 (1941). The court's opinion in *Prevete* provides useful guidance to the dispute here.

The court stated:

"In the present controversy, plaintiff admits that the answers in the application are false. Then, in view of the insured's unqualified certification that he had read these false answers before signing the application, that they were correctly written as given by him, and that they were true and complete, how can it be said that he did not know the answers were false and did not deliberately intend to deceive the company. In such a situation the necessary and inevitable conclusion is that insured did not act in good faith when he signed the application, and the policy should have been avoided without the intervention of a jury. His beneficiary should not have been heard to say that insured gave other answers than those set forth in the application. To permit such a thing would be to open wide the door to fraud." *Prevete, supra.*

The teachings of *Prevete* are applicable here. In the instant case, Mr. Sechrist signed a certification stating that all the answers contained therein were true when in fact they were not. Also, through her affidavit plaintiff is claiming that questions regarding smoking were not asked of Mr. Sechrist. Pursuant to the holding in *Prevete,* a beneficiary cannot assert that the decedent gave answers other than those appearing in the application.

In all fairness to plaintiff, it is noted that unlike the application certification in *Prevete,* the certification

in question here did not contain a statement indicating that Mr. Sechrist had read the answers contained in the application. However, this will not change the result reached here. One who signs an application for insurance without reading it, when he might have done so, will be held to have read it, and be treated as knowing what he would have learned by reading the application. *Applebaum v. Empire Life Assn. Co.,* 311 Pa. 221, 166 Atl. 768 (1933); *Equitable Life v. McCousland,* 331 Pa. 107, 200 Atl. 85 (1938).

Based on the foregoing, it can be gleaned that the law imputes knowledge of the contents of an insurance application to a person who, with the opportunity to read the application, signs it, regardless of whether that person has in fact read the application. Accordingly, Mr. Sechrist is deemed to have knowledge of the contents of the application, including the false information regarding his smoking habits. Since Mr. Sechrist is considered to have knowledge of the false answer in his application, his certification that the answer was true is knowingly false, and, in accordance with the holding in *Prevete,* constitutes bad faith as a matter of law. Consequently, plaintiff is barred from recovery on the policy.

We now consider whether plaintiff can recover benefits in the amount which the premiums would have purchased for a smoker. Plaintiff argues that a non-forfeiture section of the policy dealing with misrepresentation of sex or age should be applied to Mr. Sechrist's misrepresentation regarding his smoking habits. Plaintiff submits that the adjustments in policy benefits made for a misrepresentation of age or sex should be applied to Mr. Sechrist's misrepresentation of his smoking habits.

Defendant counters by citing a Second Circuit case, *Mutual Benefit Life Insurance Co. v. JMR*

*Electronics Corp.,* 848 F.2d 30 (2d Cir. 1988). Here, the court held that the insured's misrepresentation about his smoking history was material and justified rescission of the policy under New York law. The court also rejected plaintiff's contention that the appropriate remedy in this situation is to permit recovery under the policy in the amount that the premium actually paid would have purchased for a smoker. The court stated:

"The purpose of the materiality inquiry is not to permit the jury to rewrite the terms of the insurance agreement to conform to the newly disclosed facts but to make certain that the risk insured was the risk covered by the policy agreed upon. If a fact is material to the risk, the insurer may avoid liability under the policy if that fact was misrepresented in an application for that policy whether or not the parties might have agreed to some other contractual arrangement had the critical fact been disclosed. [A] contrary result would reward the practice of misrepresenting facts critical to the underwriter's task because the unscrupulous (or merely negligent) applicant 'would have everything to gain and nothing to lose' from making material misrepresentations in his application for insurance." 848 F.2d at 34.

In addition to the Second Circuit case, defendant cites a line of Pennsylvania cases which stand for the proposition that a material representation will result in the avoidance or rescission of the policy. See *Prevete, supra; Piccinini,* 316 Pa. Super. at 532, 463 A.2d at 1025. Defendant also argues that plaintiff's attempt to classify a misrepresentation about smoking habits as similar to an age or sex misrepresentation is inappropriate as the nature of the two misstatements differ. Defendant maintains that a misrepresentation regarding age or sex would not cause an insurer to make further inquiry, while a

misrepresentation regarding smoking might have prompted further inquiry.

Having reviewed the arguments, the court is inclined to grant defendant's motion for summary judgment on this issue. We note that the Second Circuit case, decided under New York law, is, of course, not controlling in this situation. However, the sound reasoning enunciated in that decision warrants the conclusion reached here. It is our view that an insured should not be able to benefit from a false material statement such as the one made here. Moreover, the Pennsylvania cases cited herein justify the conclusion that a material misrepresentation is grounds for avoiding the policy. As a result, plaintiff's argument must fail.

Accordingly, we enter the following

## ORDER

And now, July 24, 1990, the motion for summary judgment of defendant, Penn Mutual Insurance Company, is granted, and the complaint of plaintiff, Charlotte Sechrist, is dismissed.

The prothonotary is directed to enter judgment for defendant and provide notice of the entry of this opinion and order as required by law.