95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE COMPENSATION INSURANCE FUND, an independent agency of
the State of California, Plaintiff-Appellee,
v.
Vincent M. MARCONI; West Coast Personnel, Inc., a
California corporation, Defendants-Appellants,
and
Oralie Tueme Miller, as an individual and as Executrix of
the Estate of: Everett Wayne Miller; Glenn R.
Miller; Shelly J. Walsh, Defendants.
 No. 95-55552.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 State Compensation Insurance Fund is an independent California agency that carries workers' compensation insurance. It brought RICO and state claims against Vincent Marconi and West Coast Personnel, Inc., a corporation he controlled, alleging that Marconi had made numerous fraudulent misrepresentations in obtaining workers' compensation insurance policies. The district court entered a default judgment in favor of State Fund, set damages at $5,564,190, and rescinded the workers' compensation policies. We have jurisdiction. 28 U.S.C. § 1291. We affirm.
 
 
 3
 Marconi contends that the district court erred in entering a default judgment. A district court has the power to enter a default judgment for "abusive litigation practices," Televidio Sys. v. Heidenthal, 826 F.2d 915, 916 (9th Cir.1987), and we review a decision to do so for abuse of discretion. See Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir.1992). The district court based its default judgment on (1) the declaration of Marconi's bookkeeper that upon being served with the complaint and request for production, Marconi destroyed relevant documents, and (2) Marconi's multiple violations of the district court's discovery orders, including an order to appear at a deposition and an order to produce financial records. The district court did not abuse its discretion.
 
 
 4
 Marconi also contends that the damages award exceeded the district court's jurisdiction. F.R.C.P. 54(c) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The default judgment was not excessive. The complaint sought compensatory damages of $6,000,000, trebled under RICO, plus reasonable attorney fees--an amount substantially higher than that awarded. Marconi contends, however, that the district court relied on a method of measuring damages not articulated in State Fund's complaint. His argument is that State Fund sought the difference between the premiums that Marconi would have paid but for the fraud and the premiums actually paid, whereas the district court awarded State Fund the difference between the claims it paid Marconi and the premiums it received from him. Even if it is assumed that F.R.C.P. 54(c)'s "in kind" language required that State Fund set forth in its complaint the method of measuring damages, Marconi's argument fails. State Fund's complaint makes clear that it was seeking recovery of the claims it paid on the policies Marconi procured by fraud. ER 50-51, 53, 54-55, 57, 58. And other courts have approved restitution as an appropriate measure of damages in similar contexts. See, e.g., Mutual Benefit Life Ins. Co. v. JMR Electronics Corp., 848 F.2d 30, 34 (2nd Cir.1988) (if insured misrepresents material fact, "insurer may avoid liability under [the] policy if that fact was misrepresented in an application for that policy").
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3